V. H. BARRY, Appellant, v. T. J. CLOSE, Respondent.*

In the Kansas City Court of Appeals, January 21, 1924.

PAYMENT: Check: Where Creditor Was Tendered Check as Payment for Debt, Which He Refused, Before He Was Entitled to Recover it Was Necessary for Him to Produce Check at Trial and Offer to Surrender or Cancel it. Where a check marked "paid in full" was tendered to a creditor in payment of a debt, which he refused to accept as such, but retaining the check brought suit for the amount claimed due, *held* that before creditor was entitled to recover it was necessary for him to produce the check at the trial and offer to surrender or cancel it, or at least surrender it into court at the trial for disposal by the court, and the filing thereof with the clerk of the court and introducing it in evidence was insufficient.

---

*Headnote 1. Payment, 30 Cyc, p. 1222.

Appeal from Circuit Court of Pettis County.—*Hon. Dimmitt Hoffman*, Judge.

AFFIRMED.

*Lamm, Robertson & Lamm* for appellant.

*E. W. Couey* for respondent.

BLAND, J.—This suit, arising in a justice court, is to recover the sum of $9.40, being the balance due plaintiff from defendant on a pasturage bill. There was a verdict in favor of defendant and plaintiff has appealed.

It is urged that the court erred in refusing to give two of defendant's instructions, which amount to peremptory instructions to find for plaintiff in some amount. Defendant's evidence tends to show that he met plaintiff on the street and gave him a check for $6, the balance he claims was owing upon the bill, which check was marked "paid in full;" that plaintiff took the check, looked at it, said nothing and did not at that time offer to return it; that the next day after this occurrence plaintiff came to him and told him that he would not cash the check for the reason that it was marked "paid in full." Plaintiff testified that after he received the check he walked a few steps while opening the check and found that it was marked "paid in full;" that thereupon he called to defendant to come back, that he could not accept the check and that he tendered the check to defendant, claiming that the balance on the pasturage bill was $9.40. Plaintiff brought suit in a justice court for $9.40 and filed the check with the justice but it was not marked "filed" by the latter. The case was appealed to the circuit court and there marked "filed" by the circuit clerk and introduced in evidence by plaintiff in support of his case. At no time did plaintiff tender the check to defendant after he filed suit. It appears that the check is still in the possession of the circuit court.

It is true that the general rule is that a check taken for a debt does not amount to payment unless the credi-

tor expressly agrees to take it as such, and there being evidence that the check was not so accepted, plaintiff had the right to bring this suit. This is true though he actually accepted the check, unless it was accepted under an agreement expressed or implied that it was in payment. However, before he was entitled to recover, it was necessary for plaintiff to produce the check at the trial and offer to surrender or cancel it (Schepflin v. Dessar, 20 Mo. App. 569, 574), or at least to surrender it into court at the trial for disposal by the court. [21 R. C. L., sec. 58, pp. 59, 60; McMurray v. Taylor, 30 Mo. 263.] But, as before stated, nothing of the kind was done by the plaintiff. But plaintiff states that the check is now in the hands of the court and no harm can come of it to the defendant. We are not convinced of this. Had the instructions been given and a verdict for plaintiff returned, the check still would have been plaintiff's, at least as between himself and the court, and he might have withdrawn it and suit might thereafter have been brought by an indorsee against defendant on the check. The court, therefore, properly refused the instructions.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* dissents in a separate opinion.

TRIMBLE, J. (dissenting).—Defendant's evidence concedes that, at the time the check was handed by him to plaintiff, there was due for rent either $5.90 or $6.40. He also testified that plaintiff asked him for his rent and when he handed plaintiff the check on the street, nothing occurred between them, plaintiff just took the check, and defendant "supposed" plaintiff read it all; but that the next day plaintiff brought the check back to him, saying he could not accept it because it was marked "paid in full" and contending defendant owed him more. Defendant did not take the check back but replied, "Well, that is all I am going to pay you, that is all I owe you."

Plaintiff then went to the justice's office and brought suit and attached the check to the statement filed with

the justice, and the check thus attached went with the
statement to the circuit court when the case went there
on appeal. The check was there marked filed by the
circuit clerk. It, therefore, conclusively appears that
the check was not *payment*, for it was not accepted as
such. It is universally held that a check is not payment
of a debt unless it is both given and accepted as such. In
McMurray v. Taylor, 30 Mo. 263, l. c. 266, it is said:
"A note does not extinguish an open account. Upon
production of the note a recovery may be had on the ac-
count." A check given under the conceded facts of this
case could no more extinguish the open account than
could a note. When suit was filed in the justice court
the check was produced and filed in court and has con-
tinued to be filed in court ever since and was introduced
in evidence. The check cannot operate or be treated as
a legal tender because it does not constitute legal tender
and was not made in the manner the statute provides
that tender shall be made. Under the evidence of both
parties, plaintiff did not keep the check under any agree-
ment that it would be payment or that he would cash it;
and practically ever since plaintiff took it back to de-
fendant who refused to receive it, said check has been in
court. The only value the check can have to defendant
is that it is not in the hands of someone who can, by
cashing it, cause defendant to lose the amount of the
same. The following quotation from R. C. L., sec. 58,
p. 59, is applicable here: "It is a well-established rule
that where a negotiable bill or note has been received on
account of a debt, *but without an express agreement to
accept it as final satisfaction thereof,* a recovery cannot
be had on the original obligation without a surrender
of the negotiable paper, or a satisfactory explanation of
its nonproduction, *or unless it appears that it cannot
be enforced by a third person. The reason for the rule
is, not that the debt has been paid, but that a suit might
afterwards be brought by the indorsee,* and so the party
might be compelled to pay the debt a second time. *The*

*production of the note then is generally required, for the security of the defendant, and not from any 'rule of evidence which would prevent the introduction of evidence of indebtedness without the production of the note.* It is not necessary to cancel the note in form. *The reason of the rule is satisfied by its production and its being placed at the disposal of the court. It is a sufficient compliance with the rule if the plaintiff has the note in his possession at the commencement of the suit and surrenders it in court at the trial."* As stated in the McMurray case, supra, the defendant was in no way injured by the giving of the check.

The check did not become payment, and since it was conceded 'that at the time it was given defendant owed plaintiff in some amount, it seems to me the court erred in refusing to give plaintiff's instructions 1 and 2 as follows:

"No. 1.

The court instructs the jury that under the evidence in this case, your verdict must be for plaintiff, and that the only question for you to determine is how much you shall award plaintiff.

No. 2.

The court instructs the jury that the check offered in evidence and read to the jury for the sum of six dollars, does not constitute a payment of that sum or any other sum and that in making up your verdict, if you find for plaintiff, you should not deduct anything from your verdict on account of said check and the court further instructs you that said check cannot deprive plaintiff of a verdict, if you find and believe from the evidence, that defendant owes plaintiff anything, notwithstanding that the amount that you may so find defendant owes plaintiff may be the same amount or a less amount than the check in question."

For these reasons, as I view the case, the judgment should be reversed and the cause remanded for a new trial.