303 P.2d 680

**CITY OF LEWISTON, Plaintiff-Appellant,**

v.

**J. B. MATHEWSON, Defendant-Respondent.**

No. 8419.

Supreme Court of Idaho.

Nov. 13, 1956.

J. H. Felton, Wm. J. Jones, Lewiston, for respondent.

James W. Givens, Lewiston, for appellant.

SMITH, Justice.

Respondent was charged in the police court of appellant City of Lewiston with the offense of engaging in the business of a junk dealer within the corporate limits of appellant City without first obtaining a license therefor, in violation of the City's ordinance No. 835 as amended, which now appears as Sections 2–701 and 2–702 of the Code of Ordinances of appellant City, reading as follows:

"The word 'junk' as used in this chapter shall include and mean any of the following articles or materials in an old or second hand condition, to-wit: Part or parts of worn out or abandoned motor vehicles, or other machinery, lead, metals, bottles, broken glass, rope, rags, rubber, paper, bags, bagging sacks, sacking, plumbing fixtures, iron, brass, copper, tin, and all odds and ends of every nature and description, whether included in or similar to any of the classes previously specified or not, parts of machinery, wire and such worn out or discarded materials and articles as can be turned to some use, but shall not be deemed to mean or include furniture, carpets or rugs."

"The term 'junk' dealer as used in this chapter shall include every person who shall be occasionally, regularly, principally or incidentally engaged in buying, selling, keeping, dumping, disposing of or collecting 'junk' as defined by this chapter."

"It shall be unlawful for any person to engage in the business of a junk dealer as defined in this chapter without first obtaining a license therefor."

Respondent was convicted in the City's Police Court of the offense charged. He appealed to the district court from the judgment of conviction upon questions of both law and fact.

A jury trial resulted in a verdict of guilty. Respondent then made a motion in arrest of judgment, whereupon the trial court ruled that the ordinance was void for uncertainty, and ordered arrest of judgment and dismissal of the action. Appellant City perfected an appeal from such order.

Appellant's single assignment of error presents the question, whether the ordinance is void, upon which must depend the charge of the criminal complaint.

■ The validity of an ordinance under which a conviction is had may be challenged by a motion for arrest of judgment. I.C. §§ 19–1703, 19–2408, 19–2409, and 19–3928; 23 C.J.S., Criminal Law, § 1544, p. 1351; People v. McEntyre, 32 Cal. App.2d Supp. 752, 84 P.2d 560.

■ Rules for the construction of ordinances are the same as those applied to the construction of statutes. Jackman v. Hamersley, 72 Idaho 301, 240 P.2d 829.

■ There is always a presumption of the validity of an ordinance. Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; Boise City v. Better Homes, 72 Idaho 441, 243 P.2d 303.

■ A criminal statute must be sufficiently certain to show what the legislature intended to prohibit and punish; otherwise it is void for uncertainty. U. S. Constitution, 14th Amendment; Idaho Constitu-

tion, art. I, § 13; State v. Dingman, 37 Idaho 253, 219 P. 760; State v. Burns, 53 Idaho 418, 23 P.2d 731; State v. Casselman, 69 Idaho 237, 205 P.2d 1131; State v. Campbell, 70 Idaho 408, 219 P.2d 956; State v. Evans, 73 Idaho 50, 245 P.2d 788.

█ A statute should not be held void for uncertainty if any practical interpretation can be given it. Utah Power & Light Co. v. Pfost, D.C.Idaho, 52 F.2d 226; State v. Omaechevviaria, 27 Idaho 797, 152 P. 280; Idaho Gold Dredging Co. v. Balderston, 58 Idaho 692, 78 P.2d 105; State ex rel. Wright v. Headrick, 65 Idaho 148, 139 P.2d 761; State v. Groseclose, 67 Idaho 71, 171 P.2d 863.

Appellant's ordinance No. 835 requires determination of questions of fact based on the evidence of each case. The jury, in the case here, determined those questions of fact, i. e., that respondent was engaged in the business of a junk dealer, without having obtained the requisite license, and that articles and materials in which he dealt were junk.

█ An ordinance is not uncertain although it uses a term or expression that refers to a question of fact to be determined in each case as it arises. McQuillin, Municipal Corporations, 3rd Ed., Vol. 5, sec. 15.25, p. 115; State v. Omaechevviaria, supra; Mayor & Aldermen of Town of Jonesboro v. Kincheloe, 148 Tenn. 688, 257 S.W. 518; Patterson v. Town of Tracy City, 183 Tenn. 160, 191 S.W.2d 432; City of Chicago v. Reuter Bros. Iron Works, 398 Ill. 202, 75 N.E.2d 355; State v. Magaha, 182 Md. 122, 32 A.2d 477.

█ The construction of an ordinance is a question of law for determination by the court. Jackman v. Hamersley, supra.

█ Appellant's position is that the ordinance is not void for uncertainty since it fairly demonstrates the intention of appellant City to regulate within its corporate limits the business of a junk dealer.

Respondent contends that the definition of "junk dealer" contained in the ordinance is so broad as to include every person who shall occasionally or incidentally engage in keeping, dumping, disposing of or collecting junk, and that in view thereof, every man, woman and child in appellant City are in literal violation of the ordinance; that therefore the ordinance is void since it is unreasonable, evidences an improper use of police power, and violates basic constitutional rights.

In defense of his position respondent points specifically to the following portion of the ordinance:

"The term 'junk' dealer as used in this chapter shall include *every person* who shall be *occasionally,* regularly, principally or *incidentally* engaged in buying, selling, *keeping, dumping, disposing of* or collecting 'junk' as defined

by this chapter." (Respondent's emphasis.)

However, such portion of the ordinance must be interpreted in conjunction with the portion thereof which declares it unlawful for any person to engage in the *business* of a junk dealer without first obtaining a license therefor. When so considered it becomes clear that appellant City intended to regulate the *business of a junk dealer* or, stated another way, to require persons to be licensed who *deal in junk as a business.*

The ordinance was never intended to be and is not, as respondent contends, "so broad that every man, woman, and child is in violation of it" simply because, to be in violation of its provisions, the person first must *deal in junk as a business.* The acquisition and disposition of the kinds of materials or articles referred to in the ordinance by the man, woman or child for any purpose, other than the business of a junk dealer, is not in violation of the ordinance.

When the word "business" is used in an ordinance or statute its meaning depends upon the context or upon the purpose of the legislature. Karnuth v. United States, 279 U.S. 231, 49 S.Ct. 274, 278, 73 L.Ed. 677; Herald v. Glendale Lodge No. 1289, B.P.O.E., 46 Cal.App. 325, 189 P. 329; Marsh v. Groner, 258 Pa. 473, 102 A. 127, L.R.A.1918F, 213; State ex rel. Benson v. Lakewood Cemetery, 197 Minn. 501, 267 N.W. 510; Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706; 12 C.J.S., Business, p. 762.

The concept of the term "business" as used in the text of the ordinance implies an activity engaged in by a person with a direct profit objective, and we so construe its meaning, used in the commercial or trade sense.

Webster's New International Dictionary, 2nd Ed., defines "business" as that which busies, engages time, labor as a principal concern or interest; a constant employment; regular occupation; work; any particular occupation or employment habitually engaged in for livelihood or gain. Mercantile transactions, buying and selling, traffic in general. A commercial or industrial establishment or enterprise. See also Black's Law Dictionary, 3rd Ed., and Bouvier's Law Dictionary, Rawle's Third Revision, p. 406.

We quote from 12 C.J.S., Business, pp. 765–766:

"When one speaks of 'business' the mind naturally contemplates a commercial or industrial establishment or enterprise.

"In this narrower sense, or commercial use, it has been held that the word applies only to that in which one engages for the purpose of livelihood, profit, or the like, and hence is applicable to any particular employment, occupation, or profession followed as a means of livelihood; that, as so com-

monly used, it has reference to, or implies, a regular and legal employment pursued for profit, and with a view to livelihood or some gain, it being said that these objects are necessarily implied when one's business is spoken of; also that it includes all manner of occupations or means by which persons earn a livelihood, and every employment, occupation, profession, or trade; and in this sense the word has been defined, in general, as meaning calling, employment, profession, trade, or vocation.

"In stressing the purpose of livelihood, or the profit motive, connoted by the word, it has been said that it is essential that livelihood or profit be at least one of the purposes for which the employment is pursued".

See also Vol. 5 Words and Phrases, Business, p. 970.

A "dealer" in the popular sense is one who buys and sells goods and commodities; one who does business, a trader, a trafficker; as a dealer in dry goods, a dealer in stocks; one whose work is dealing in a specified thing in a specified way. Black's Law Dictionary, 3rd Ed., Webster's New International Dictionary, 2nd Ed.

In 25 C.J.S., Dealer, pp. 1041-1042, appears the following:

"A dealer, in the common acceptation, and, therefore in the legal meaning of the word, is not one who buys to keep or makes to sell, but one who buys to sell again; * * * one who buys to sell as an avocation or business; a person who buys and sells for the purpose of gain and profit; * * * Although a man commences to be a dealer from the moment when he buys the article with an intention to sell it again, the term implies a habitual course of dealing, and, considered from this viewpoint, has been defined as meaning one who habitually and constantly, as a business, deals in and sells any given commodity; a trader; a trafficker; one whose business it is to buy and sell, as a merchant, shopkeeper, or broker; * * * a person engaged in the business of buying and selling merchandise or other personal property in the usual course of trade."

See also Vol. 11 Words and Phrases, Dealer, p. 149.

The buying of materials and articles mentioned in the ordinance necessarily must result in the collecting and keeping thereof; and the selling, to include disposing of them, with dumping of any resultant refuse or wastage, as an incident to the business.

The ordinance is not rendered unreasonable merely because it includes in its definition of junk dealer, a person who occasionally engages in one or more of the transactions therein mentioned; for the oc-

casional transaction in junk is within the usual course of business of the person, if he be engaged in the business of a junk dealer. Holbrook v. Olympia Hotel Co., 200 Mich. 597, 166 N.W. 876.

Finally, the ordinance is not rendered unreasonable by defining a junk dealer to include every person who incidentally engages in one or more of the transactions therein mentioned. Again, the ordinance is aimed at the person who engages in the business of a junk dealer, even though incidentally; it is not necessary that such business be the sole occupation or employment. 12 C.J.S., Business, p. 768. Also, a license may be imposed even though the business be carried on as a subsidiary activity. 53 C.J.S., Licenses, p. 569.

Words and phrases of a statute must be given their usual, plain and ordinary meaning, according to the approved usage and language. Ada County v. Boise Commercial Club, 20 Idaho 421, 118 P. 1086, 38 L.R.A., N.S., 101; Cook v. Massey, 38 Idaho 264, 220 P. 1088, 35 A.L.R. 200; Oregon Short Line R. Co. v. Pfost, 53 Idaho 559, 27 P.2d 877; Meader v. Unemployment Compensation Division, 64 Idaho 716, 136 P.2d 984;

John Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359.

Laws are enacted to be read and obeyed by the people and in order to reach a reasonable and sensible construction thereof, words that are in common use among the people should be given the same meaning in the statute as they have among the great mass of the people who are expected to read, obey and uphold them. Adams v. Lansdon, 18 Idaho 483, 110 P. 280; State v. Omaechevviaria, supra.

We conclude that said Ordinance No. 835 of appellant City of Lewiston is not void for uncertainty since stripped of its verbiage it is clear that the City by such ordinance intended the regulation of the business of a junk dealer by making it unlawful for a person to engage in such business without first obtaining the requisite license therefor.

The order and judgment of the trial court is reversed and the cause remanded with instructions to deny the motion for arrest of judgment and that judgment be entered in accordance with the verdict of the jury. No costs allowed.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.