Ciro Michael CARUSO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 258, Docket 32942.

United States Court of Appeals
Second Circuit.

Submitted Dec. 19, 1968.

Decided Jan. 2, 1969.

Thomas E. Baynes, Jr., Legal Assistance for Inmates, Emory University School of Law, Atlanta, Ga., for appellant.

Richard P. Crane, Jr., Asst. U. S. Atty., Jon O. Newman, U. S. Atty., New Haven, Conn., for appellee.

Before KAUFMAN and ANDERSON, Circuit Judges, and MacMAHON, District Judge.[*]

PER CURIAM:

Ciro M. Caruso was convicted of armed robbery of a national bank in violation of 18 U.S.C. § 2113(a) and (b). This court affirmed the conviction. United States v. Caruso, 358 F.2d 184 (2d Cir. 1966), cert. denied, 385 U. S. 862, 87 S.Ct. 116, 17 L.Ed.2d 88 (1966).

After making several collateral attacks upon his conviction and sentence, all of which were unsuccessful,[1] Caruso

---

[*] Of the Southern District of New York, sitting by designation.

[1] The District Court for the District of Connecticut denied Caruso's motion for reduction of sentence on December 6, 1966 and his motion to vacate sentence under 28 U.S.C. § 2255, on November 22, 1967.

on May 24, 1968, filed a new motion to vacate his sentence under 28 U.S.C. § 2255. Judge Zampano denied the application without a hearing, and Caruso appeals.

The substance of Caruso's instant claim is that his conviction rested on an identification by witnesses under circumstances so inherently unfair as to have deprived him of due process. The undisputed facts concerning the identification disclose that on the morning of April 13, 1965, three armed men robbed a branch of the Connecticut National Bank in Fairfield, Connecticut. After continuous pursuit by a bank employee and then a policeman, Caruso was apprehended within fifteen minutes. The policeman immediately brought him back to the bank for identification, and in the presence of the bank employees he was required to put on a ski type hood which one of the robbers had dropped as he fled the bank. Thus garbed, Caruso was identified by the bank employees as one of the three who had committed the robbery.

The test to be applied in determining the constitutional propriety of Caruso's identification is whether "the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967).[2] We do not believe that the confrontation in this case was either so suggestive or so conducive to mistaken identification as to amount to a denial of due process. The confrontation took place after a continuous pursuit and within a period of approximately 15 minutes after the robbery had occurred. Wise v. United States, 127 U.S. App.D.C. 279, 383 F.2d 206 (1967), cert. denied, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968). Moreover, requiring a suspect to wear an article of clothing does not violate due process, Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910); United States v. Ball, 381 F.2d 702 (6th Cir. 1967), cert. denied, 390 U.S. 962, 88 S.Ct. 1066, 19 L.Ed.2d 1161 (1968), any more than does requiring him to submit to a blood test, to write or speak for identification or to submit to fingerprinting. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Nor do we believe that in this case requiring Caruso to wear the ski hood was likely to evoke a mistaken identification of him as one of the robbers. It appears from Caruso's own brief on direct appeal that at the time of his apprehension and confrontation with the witnesses to the robbery he was wearing quite distinctive clothing described by the arresting officer as "green work pants splattered with some white substance, and a checkered brown reddish type in color [shirt] sticking out of the bottom of this zipper-type jacket." And when these items of clothing were introduced in evidence at trial, five bank employees who witnessed the crime all identified them as having been worn by one of the robbers.

Caruso also appeals the denial by the district court of his request to have the transcript of his trial furnished at government expense. We do not believe the denial was reversible error. On his direct appeal, after requesting that he be furnished with a transcript of the trial, Caruso's counsel stipulated that only selected excerpts of the record would have to be transcribed. Even more, Caruso did not here move for a transcript until after Judge Zampano had denied the motion to vacate his sentence, and thus, we do not believe he was prejudiced by the lack of the transcript on this appeal.

Affirmed.

2. Since the identification in question took place prior to the opinions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), those decisions are inapplicable to this case. Stovall v. Denno, supra.