548 P.2d 1217

**Allen Edward VOYLES, Petitioner-
Appellant,**

v.

**The CITY OF NAMPA, Idaho, a Municipal
Corporation, and Buster Baker, Chief of
Police, Nampa, Idaho, Defendants-Respond-
ents.**

**No. 11764.**

Supreme Court of Idaho.

April 22, 1976.

598

James E. Schiller, of Schiller, Williams & Trabert, Nampa, for petitioner-appellant.

Reese E. Verner, Carl D. Hamilton, Nampa, for defendants-respondents.

McFADDEN, Chief Justice.

Allen E. Voyles, the appellant, brought this action before the district court on a writ of habeas corpus after his arrest for an alleged violation of Nampa City Code § 6–1–27, which provides:

"Any person who shall be drunk or intoxicated in a private motor vehicle while said vehicle is located upon any public or private road or street or upon any other place to which the public has, or is permitted to have access, shall be guilty of a misdemeanor. A 'public place' as defined in this Section, includes any place, building, or conveyance, to which the public has, or is permitted to have, access, and any place, highway, street, lane, park, or place of public resort or amusement."

He argued that the ordinance is unconstitutional and that a person accused of violating the ordinance cannot be compelled to submit to fingerprinting and photographing. The district court upheld the ordinance and the requirements of submitting to fingerprinting and photographing. We affirm the judgment.

A police officer of the Nampa Police Department arrested the appellant while the latter was seated in his automobile, which was parked in the parking lot of a bank in Nampa with the engine off. Voyles was arrested for an alleged violation of Nampa City Code § 6–1–27, taken into custody, transported to the police station, booked on that charge, and confined

to a cell. The police agreed to release the appellant upon three conditions: that he agree to have his identification picture taken, to have his fingerprints taken, and to sign an Idaho Uniform Complaint and Summons. Voyles refused to comply with the first two conditions, but agreed to sign the complaint. His refusal to meet all three conditions caused the police to detain him through the night of his arrest.

An agreement was reached between the Chief of Police and the appellant's attorney whereby Voyles was released from custody upon signing an Idaho Uniform Complaint and Summons. The agreement further provided that, in an action for a writ of habeas corpus, the district court would determine whether the city police could require a defendant accused of this misdemeanor to be detained in custody until such defendant would submit to photographing and fingerprinting and other issues pertaining to the constitutionality of ordinance and the validity of the arrest.

The cause was heard on the issues framed by the application and return to the writ of habeas corpus. Thereafter, pursuant to a stipulation of facts, the court entered findings of fact and its conclusions of law, which conclusions may be summarized as follows: The requirement of fingerprinting and photographing did not violate Voyles' constitutional rights, but instead was within the police powers of the municipality and was for the purpose of determining whether the appellant previously had been charged with or convicted of other crimes. The city is empowered to enact Nampa City Code § 6-1-27 under the authority of Idaho Const. Art. XII, § 2, and I.C. § 50-302. The ordinance is consistent with and a necessary extension of state statutes and is consistent with the Constitution of the State of Idaho. The ordinance, moreover, is sufficiently clear and certain to comply with the Constitutions of the State of Idaho and the United States. The ordinance's definition of "public place" is not an essential portion of the ordinance, but when taken in context, gives the provision a plain-sense meaning, even though it may be overreaching. Voyles' arrest was legal and proper, and did not require the issuance of an Idaho Uniform Traffic Citation. The court thereafter ordered the appellant to submit to fingerprinting and photographing, pursuant to the reservation of that issue in the agreement between the Chief of Police and the appellant's attorney. This appeal followed.

■ Voyles first argued in his appeal that Nampa City Code § 6-1-27 violates the Constitution of the United States by being vague, uncertain, and overbroad. An examination of the language of the ordinance causes us to uphold its validity although we strike a word, which is surplusage, in the ordinance's second sentence. The due process clause of the fourteenth amendment to the Constitution of the United States requires that a city ordinance must be definite and certain in its statement of prohibited conduct to enable a person of ordinary intelligence who reads the ordinance to understand what activity is proscribed and govern his actions accordingly. E. g., *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The Constitution of the State of Idaho also requires that city ordinances demonstrate a definiteness and certainty sufficient to permit a person to conform his conduct thereto. Idaho Const. Art. I, § 13; *City of Lewiston v. Mathewson,* 78 Idaho 347, 303 P.2d 680 (1956). *See also State v. Evans,* 73 Idaho 50, 245 P.2d 788 (1952); *State v. Musser,* 67 Idaho 214, 176 P.2d 199 (1946). An ordinance which fulfills the requirements of certainty and definiteness still may be constitutionally infirm if its prohibition is overbroad, restricting constitutionally protected conduct. E. g., *Grayned v. City of Rockford, supra, Zwickler v. Koota,* 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

The second sentence of the ordinance at issue contains language which renders it vulnerable to the appellant's charges of

vagueness, uncertainty, and overbreadth. That second sentence exists merely to define a "public place." In the definitional sentence, the term "place" appears three times. The term is limited at its first appearance in the sentence by the clause "to which the public has, or is permitted to have, access." The term similarly is limited at its third appearance in the sentence by the phrase "of public resort or amusement." The term appears a second time, between "any" and "highway," without any limitation or clarification. The second appearance of "place" has the effect of defining a "public place" as "any place," with the result of causing a person to wonder about the extent of the prohibition created by the ordinance. The City of Nampa itself conceded on appeal that the second appearance of "place" was a mistake. The second appearance of "place" in the second sentence of Nampa City Code § 6–1–27 has the effect of introducing the elements of vagueness, uncertainty, and overbreadth into the ordinance.

■ The constitutionally infirm, second appearance of "place" in the second sentence is not essential to the purpose and completeness of the ordinance, and accordingly, that word can be severed to permit Nampa City Code § 6–1–27 to fulfill the constitutional requirements of certainty, definiteness, and proper breadth. The ordinance, without the second appearance of "place," sets out the offense and includes the description of the locations where a person can commit that offense. No more is needed for the ordinance to be complete. When part of a statute or ordinance is unconstitutional and yet is not an integral or indispensable part of the measure, the invalid portion may be stricken without affecting the remainder of the statute or ordinance. *State v. Finch,* 79 Idaho 275, 315 P.2d 529 (1957); *Idaho Mut. Benefit Ass'n Inc. v. Robison,* 65 Idaho 793, 154 P.2d 156 (1944). The principle of striking a dispensable, unconstitutional part of a statute or ordinance permits the striking of a single word. *State v. Reese,* 222 So.2d

732 (Fla.1969); Ex parte Frye, 143 Tex. Cr.R. 9, 156 S.W.2d 531 (1941). We therefore strike the invalid, second appearance of "place" in the second sentence of the ordinance and uphold the remainder of the ordinance as the embodiment of the essence of Nampa City Code § 6–1–27.

■ The appellant secondly argued that the ordinance, even if valid as a certain, definite, and properly broad measure, violates the Constitution of the State of Idaho by conflicting with the state's general laws relating to motor vehicles and municipal corporations. The Constitution of the State of Idaho empowers a political subdivision to make and enforce local police regulations which do not conflict with its charter or with general laws of the state. Idaho Const. Art. XII, § 2.

Voyles argued that Nampa City Code § 6–1–27 violates that state constitutional provision because it conflicts with the Uniform Act Regulating Traffic on Highways, S.L.1953, ch. 273, as codified at I.C. §§ 49–501—49–846, 49–1001—49–1126. We reject the suggestion of conflict because the ordinance at issue does not regulate traffic; it instead governs public intoxication. A key element of the offense defined in Nampa City Code § 6–1–27 is that the allegedly intoxicated person must be in a private motor vehicle. The mere presence of a motor vehicle among the language of an ordinance, however, does not automatically cause the measure to become a traffic ordinance. This measure focuses not upon the operation of a motor vehicle, but instead upon the inebriated condition of any occupants of such a private motor vehicle.

■ We similarly reject the appellant's argument that Nampa City Code § 6–1–27 violates Idaho Const. Art. XII, § 2, through an alleged conflict with statutory provisions which relate to the powers of municipal corporations. Idaho Code sections 50–313 and 50–314 provide cities with delineated authority to control traffic and roadways within their corporate limits. The ordinance at issue does not attempt to

control traffic or to control roadways and thus the basis for a conflict between the ordinance and those two statutory provisions is absent. The ordinance instead is directed toward the control of public intoxication and is a proper exercise of the authority granted to the city by I.C. § 50–302 to maintain the peace, good government, and welfare of the city. In its control of drunkenness in public places, the instant ordinance does not conflict with any state statute governing the subject, but rather extends the statutory prohibitions against public intoxication, I.C. §§ 23–604, 49–1102. A local ordinance which merely goes further than a state statute in imposing additional regulation of a given conduct does not conflict with state law. *Taggart v. Latah County,* 78 Idaho 99, 298 P.2d 979 (1956); *Gartland v. Talbott,* 72 Idaho 125, 237 P.2d 1067 (1951); *Clyde Hess Distributing Co. v. Bonneville County,* 69 Idaho 505, 210 P.2d 798 (1949); *State v. Musser,* 67 Idaho 214, 176 P.2d 199 (1946). Nampa City Code § 6–1–27 therefore is a valid exercise of the authority delegated to the city in I.C. § 50–302 and consequently is consistent with the authority delegated to the city in Idaho Const. Art. XII, § 2.

■ The appellant further contended that, even if Nampa City Code § 6–1–27 is valid and constitutional, to fingerprint and photograph a person accused of violating it is to violate that person's rights. The appellant argued that the police officer instead should have issued him a traffic citation, pursuant to I.C. §§ 49–1111, 49–1113.

Both Idaho Code sections upon which the appellant relies for support state that the procedure enunciated therein applies to "any violation of this act." The act thus referred to is S.L.1953, ch. 273, as codified at I.C. §§ 49–501—49–846, 49–1001—49–1126. Voyles was arrested under Nampa City Code § 6–1–27, not under the state statute. The procedures delineated for arrests under the state statute therefore are inapplicable to the instant proceeding. The applicable statutory provision, instead, is IC § 19–4813(1)[1] which specifically grants to law enforcement agencies the authority to fingerprint and photograph persons arrested on misdemeanor charges. Idaho Code section 19–4813(1) provides statutory justification for the fingerprinting and photographing which officers of the Nampa Police Department imposed on the appellant.

■ The statutory grant of authority to law enforcement agencies to fingerprint and photograph persons arrested on misdemeanor charges is consistent with that person's constitutional rights. The taking of such indicia of identification is not a violation of the freedom from illegal search, of the privilege against self-incrimination, of the right to counsel, of the right to due process, or of the right of privacy. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Caruso v. United States,* 406 F.2d 558 (2d Cir.), *cert. denied,* 396 U.S. 868, 90 S.Ct. 141, 24 L.Ed.2d 122

[1]. I.C. § 19–4813(1) provides:

"All persons in charge of law enforcement agencies shall obtain, or cause to be obtained, the fingerprints in duplicate, according to the fingerprint system of identification established by the director of the federal bureau of investigation, full face, profile and full length photographs, if possible, and other available identifying data, of each person arrested or taken into custody for an offense of a type designated in section 19–4812(2)(a), Idaho Code, of all persons arrested or taken into custody as fugitives from justice, and fingerprints in duplicate and other identifying data of all unidentified human corpses in their jurisdictions, but

photographs need not be taken if it is known that photographs of the type listed, taken within the previous year, are on file at the bureau. Fingerprints and other identifying data of persons arrested or taken into custody for offenses other than those designated in section 19–4812(2)(a), Idaho Code, may be taken at the discretion of the law enforcement agency concerned. Any person arrested or taken into custody and subsequently released without charge, or cleared of the offense through court proceedings, shall have any fingerprint record taken in connection therewith returned upon request and pursuant to judicial order."

(1969); *United States v. Iacullo*, 226 F.2d 788 (7th Cir. 1955), *cert. denied*, 350 U.S. 966, 76 S.Ct. 435, 100 L.Ed. 839 (1956); *United States v. Kelly*, 55 F.2d 67 (2d Cir. 1932); *Sterling v. City of Oakland*, 208 Cal.App.2d 1, 24 Cal.Rptr. 696 (1962); *McGovern v. Van Riper*, 140 N.J.Eq. 548, 54 A.2d 469 (1947); *Hansson v. Harris*, 252 S.W.2d 600 (Tex.Civ.App.1952). Indeed, the taking of fingerprints and photographs assists law enforcement agencies in meeting legitimate needs of society. Such means of identification aid authorities in identifying the accused at the outset, in discovering the accused's past criminal record, and in recapture if the accused escapes or flees before trial. The slight physical intrusion upon an individual's person pales by comparison with the important interests of society and falls short of a violation of any constitutional right. We hold, on the basis of such considerations, that the Nampa Police Department was fully within its authority in requiring the appellant to submit to fingerprinting and photographing after being charged with the misdemeanor offense specified in Nampa City Code § 6–1–27.

The appellant's final assignment of error is that the district court erred in concluding that Voyles was obliged to submit to fingerprinting and photographing and ordering him to do so. This final assignment of error is unsupported by either cited authority or argument in the appellant's brief and therefore will not be reviewed on appeal. *Perry Plumbing Co. v. Schuler*, 96 Idaho 494, 531 P.2d 584 (1975); *Baker v. Ore-Ida Foods, Inc.*, 95 Idaho 575, 513 P.2d 627 (1973); Supreme Court Appellate Rule 41.2. The appellant did argue in his brief that to fingerprint and photograph a person accused of violating Nampa City Code § 6–1–27 is a violation of his rights; this argument, however, relates to a separate assignment of error and has been considered and rejected above. There is no vice in the district court's order requiring the appellant to submit to fingerprinting and photographing, and should the appellant fail to comply with that portion of the order, he would be subject to contempt proceedings. *Phillips v. District Court of Fifth Judicial District*, 95 Idaho 404, 509 P.2d 1325 (1973).

The judgment of the district court is affirmed. Costs to respondents.

DONALDSON and SHEPARD, JJ., and SCOGGIN, D. J. (Retired), concur.

BAKES, J., concurs in the result.