876 P.2d 138

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Claire CASEY, Defendant–Appellant.**

No. 20703.

Supreme Court of Idaho,
Twin Falls.

June 10, 1994.

Skinner, Fawcett & Mauk, Boise, for appellant. Chris Kronberg argued.

Larry EchoHawk, Idaho Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

TROUT, Justice.

This case involves a constitutional challenge to I.C. § 36–1510(1)(c), which prohibits interference with hunting, fishing and predator control. We find that subsection to be unconstitutionally overbroad and hold that appellant's conviction thereunder cannot stand.

## BACKGROUND

There is no dispute as to the facts surrounding appellant's arrest. On November 29, 1990, Claire Casey (Casey) had a run-in with two hunters on Bureau of Land Management land located adjacent to the ranch on which Casey was working. The men were hunting chukars at the time of the confrontation. Casey was concerned because the chukars in that area were, according to her, relatively tame and unafraid from having been fed by humans. Casey spoke to the hunters, who apparently ignored her. She subsequently waived her arms at the chukars and screamed at them. She also walked or stood in front of the hunters and used profanity in speaking to them. Because of Casey's actions, the two hunters missed chances to shoot.

On May 15, 1991, Casey was charged with violating I.C. § 36–1510. The complaint against Casey was subsequently amended to charge her with violating I.C. § 36–1510(1)(c) which makes it a misdemeanor to "[e]nter or remain in any area where any animal may be taken with the intent to interfere with the lawful taking or pursuit of wildlife...." [1] Casey filed a motion to dismiss, challenging the constitutionality of I.C. § 36–1510, which was denied by the magistrate court on March 25, 1992. Casey was tried to a jury and found guilty of violating I.C. § 36–1510(1)(c). Judgment was entered and Casey was fined $150.00. Execution of the sentence was stayed and Casey appealed to the district court, which affirmed. This appeal followed.[2]

## DISCUSSION

### I.

### I.C. § 36–1510(1)(c) IS NOT A CONTENT–BASED REGULATION

Appellant initially argues that I.C. § 36–1510(1)(c) is unconstitutional on its face as a content-based regulation of speech. In support of this argument, appellant cites to the statement of legislative purpose for I.C. § 36–1510, which she argues proves that the statute targets only members of anti-hunting protest groups and thus is attempting to regulate the content of their anti-hunting expressions. The statement of purpose provides:

[T]his bill provides protection for hunters, anglers, farmers and ranchers who are engaged in predator control, from persons

1. I.C. § 36–1510 provides in part:
(1) No person shall:
(a) Intentionally interfere with the lawful taking of wildlife or lawful predator control by another; or
(b) Intentionally harass, bait, drive or disturb any animal for the purposes of disrupting lawful pursuit or taking thereof; or
(c) Enter or remain in any area where any animal may be taken with the intent to interfere with the lawful taking or pursuit of wildlife; or
(d) Damage or destroy in any way any lawful hunting blind with the intent to interfere with its usage for hunting....

2. On appeal from an order of the district court reviewing a determination made by a magistrate, this Court reviews the trial court independent of, but with due regard, for the district court's intermediate appellate decision. *State v. Bitt*, 118 Idaho 584, 585 n. 1, 798 P.2d 43, 44 n. 1 (1990) (citing *City of Lewiston v. Mathewson*, 78 Idaho 347, 351, 303 P.2d 680, 682 (1956)). This Court exercises free review over the question of law of the constitutionality of a statute. *Bitt*, 118 Idaho at 585, 798 P.2d at 44.

who intentionally interfere with these activities by scaring or driving away game animals, fish or predators. Such activities have been carried on in other states and Idaho may be targeted by protest groups for such disruptive tactics. Other states with this kind of problem have enacted similar statutes and have imposed the same penalties contained in this bill.

Statement of Purpose, RS 13320, H.B. No. 88 (1987).

We reject this argument. I.C. § 36–1510(1)(c) does not, on its face, regulate speech or certain types of speech. On its face, the statute implicates only conduct which interferes with the lawful taking of wildlife, and there is nothing necessarily expressive about that conduct. Further, legislative history does not render unconstitutional a statute that meets constitutional standards on its face. *United States v. O'Brien*, 391 U.S. 367, 383, 88 S.Ct. 1673, 1682, 20 L.Ed.2d 672 (1968). Even considering the statement of purpose, we are not convinced that the statement establishes the illicit motive alleged by appellant. The statement indicates the desire to prevent interference by any person or group with the lawful taking of wildlife and does not specifically prohibit speech or the expression of viewpoints of any specific interest group.

## II.

### I.C. § 36–1510(1)(c) IS OVERBROAD

Alternatively, appellant argues that I.C. § 36–1510(1)(c) is unconstitutionally overbroad. With that position we agree.[3]

The overbreadth doctrine recognizes that a statute which has the effect or the potential effect of chilling or inhibiting speech protected by the First Amendment is unconstitutional. The overbreadth doctrine recognizes the right of a person whose speech or conduct is not protected to challenge a statute which on its face sweeps too broadly and substantially reaches protected First Amendment expression.[4] *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800, 104 S.Ct. 2118, 2126, 80 L.Ed.2d 772 (1984). There must be a realistic danger that the statute will significantly compromise recognized First Amendment rights of persons not before the court for it to be challenged on overbreadth grounds. *Id.*, 466 U.S. at 799, 104 S.Ct. at 2126; *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 368 (1982).

I.C. § 36–1510(1)(c) reaches a substantial amount of constitutionally protected conduct. Its prohibition against someone entering or remaining on property with the "intent to interfere" includes protected speech in its proscriptions. The subsection does not require physical interference and it is not limited to prohibiting unprotected speech, such as fighting words or obscenity. *See City of Houston, Texas v. Hill*, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) (acts such as interference and harassment encompass verbal as well as physical conduct unless otherwise defined). Thus, a substantial amount of protected speech could be affected—and chilled—by the statute, and there is a realistic danger that the statute could significantly compromise recognized First Amendment rights. For example, someone might enter an area where wildlife could be legally hunted and do nothing more than announce his opposition to hunting and his

---

3. Appellant's brief frames her overbreadth argument in terms of both the United States and Idaho Constitutions. However, the substance of her argument is based solely on federal constitutional law and cites only federal constitutional cases. Without any state constitutional argument by appellant, we decline to determine whether the rules applied here under the First Amendment apply equally to art. I, § 9 of the Idaho Constitution, the wording of which is different from that found in the First Amendment. *Gardner v. Evans*, 110 Idaho 925, 937, 719 P.2d 1185, 1197, *cert. denied*, 479 U.S. 1007, 107 S.Ct.

645, 93 L.Ed.2d 701 (1986) (similarly declining to consider art. I, § 9); *State v. Newman*, 108 Idaho 5, 15 n. 25, 696 P.2d 856, 866 n. 25 (1985) (same).

4. Casey can make a facial overbreadth challenge. *See, e.g., R.A.V. v. City of St. Paul, Minnesota*, —— U.S. ——, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992) (White, J. concurring) (a party can challenge a statute on its face on overbreadth grounds even if her conduct is not protected because of the potential effect on third parties).

intention to interfere with such taking. Such a person would be in violation of subsection (1)(c) and yet his actions constitute protected free speech. We find that I.C. § 36–1510(1)(c) sweeps too broadly in including under its terms expressions of a particular point of view protected by the First Amendment.

As indicated previously, Casey was convicted and appeals from her conviction under subsection (1)(c) of I.C. § 36–1510, and it is this subsection only that we address. Idaho Code § 36–1510(1)(c) is not an indispensable part of the statute and may be stricken therefrom. *Voyles v. City of Nampa*, 97 Idaho 597, 600, 548 P.2d 1217, 1220 (1976). The rest of the statute is fully operative in the absence of that portion and we express no opinion as to its constitutionality. *Regan v. Time, Inc.*, 468 U.S. 641, 653, 104 S.Ct. 3262, 3269, 82 L.Ed.2d 487, 497 (1984).

Appellant further argues that I.C. § 36–1510(1)(c) is an unreasonable time, place and manner restriction and that it is void for vagueness. Because we hold that I.C. § 36–1510(1)(c) is unconstitutionally overbroad, we do not reach appellant's other arguments.

### CONCLUSION

Idaho Code § 36–1510(1)(c) is unconstitutionally overbroad and appellant's conviction thereunder cannot stand. The judgment of conviction is vacated.

BISTLINE and JOHNSON, JJ. and REINHARDT, J. Pro Tem., concur.

SILAK, Justice, dissenting.

The United States Supreme Court has stated that application of the overbreadth doctrine is "strong medicine", and that "[i]t has been employed by the Court sparingly and only as a last resort. Facial overbreadth has not been invoked when a limiting construction has been or could be placed on the challenged statute." *Broadrick v. Oklahoma*, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973). The Court went on to say:

> [A]t the very least, ... facial overbreadth adjudication is an exception to our traditional rules of practice and ... its function,

a limited one at the outset, attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from "pure speech" toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe. To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.

*Broadrick*, 413 U.S. at 615, 93 S.Ct. at 2917. "Measuring the substantiality of a statute's overbreadth apparently requires, *inter alia*, a rough balancing of the number of valid applications compared to the number of potentially invalid applications.... [A]n overbreadth challenger has a duty to provide the court with some idea of the number of potentially invalid applications the statute permits." *Magill v. Lynch*, 560 F.2d 22, 30 (1st Cir.1977), *cert. denied* 434 U.S. 1063, 98 S.Ct. 1236, 55 L.Ed.2d 763.

In light of the above standards, the Supreme Court determined that the statute at issue in *Broadrick* was not substantially overbroad, and "whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *Broadrick*, 413 U.S. at 615–16, 93 S.Ct. at 2917. I would apply the same standards to reach the same result in this case. I.C. § 36–1510(1)(c) prohibits persons from entering or remaining in areas where animals may be taken with the intent to interfere with the lawful taking or pursuit of wildlife. This provision does not prohibit "pure speech", but conduct which is within the scope of

860

otherwise valid criminal laws. Casey has not provided the court with some idea of the number of potentially invalid applications which I.C. § 36–1510(1)(c) permits, and I am unpersuaded that the overbreadth of this statute is substantial in light of the number of valid applications compared to the number of potentially invalid applications. Although I.C. § 36–1510(1)(c) may deter protected speech or expressive conduct to some unknown extent, it does not do so to the point where that effect justifies invalidating the provision on its face. I would, rather, give I.C. § 36–1510(1)(c) a limiting construction so as to proscribe entering or remaining "in any area where any animal may be taken with the intent to [physically] interfere with the lawful taking or pursuit of wildlife." This would effectually eliminate those applications of the statute which might potentially implicate first amendment freedoms, while preserving those applications which further the legitimate purposes of the statute.

Accordingly, I would affirm Casey's conviction under I.C. § 36–1510(1)(c). Casey was not engaged in any form of constitutionally protected speech or expression in waving her arms and screaming at the chukars, and therefore application of I.C. § 36–1510(1)(c) does not infringe on Casey's constitutional rights under the facts of this case. Whatever overbreadth may exist in I.C. § 36–1510(1)(c) should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be constitutionally applied.