940 P.2d 419

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joel GUERRERO, Defendant–Appellant.**

No. 23051.

Court of Appeals of Idaho.

July 14, 1997.

Kaaren L. Barr, Boise, for defendant–appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for plaintiff–respondent.

LANSING, Judge.

Joel Guerrero appeals from the sentence imposed on him following his guilty plea to one count of lewd and lascivious conduct with a minor under the age of sixteen, I.C. § 18–1508. Guerrero claims that the district court erred by refusing to allow him to cross-examine the mother of the victim following her victim impact statement made at the sentencing hearing. We conclude that Guerrero was not entitled to cross-examine the victim's mother, and we therefore affirm the sentence.

**FACTS AND PROCEDURE**

In May of 1996, Joel Guerrero pleaded guilty to one count of lewd conduct with a minor under the age of sixteen. The charges arose from Guerrero's conduct with his three-year-old daughter. Following his guilty plea, the district court ordered the preparation of a presentence investigation report. At the sentencing hearing, various witnesses testified on behalf of Guerrero. The State then informed the court that the victim's mother, H.D., wished to present a victim impact statement.

During her statement, H.D. said that the crime had forever changed her daughter's and her family's life. She also stated that both she and her daughter experienced a great deal of fear as a result of the offense

**312**

and a previous physical attack on H.D. by Guerrero. These statements were similar to the contents of a letter that she had submitted to the court as part of the presentence investigation.

Following H.D.'s statement, counsel for Guerrero was not allowed to cross-examine H.D. The district court also declined to allow defense counsel to call H.D. as a witness so that she could be subjected to direct examination. The court pointed out that Guerrero had already had the opportunity to present his evidence and had not called this witness.

Guerrero was sentenced to a five-year minimum term of incarceration followed by an indeterminate term of fifteen years. Guerrero now appeals to this Court, alleging that the district court violated his rights under the Sixth Amendment of the United States Constitution and Art. I, § 13 of the Idaho Constitution by refusing to allow his counsel to cross-examine H.D. about her victim impact statement.

## ANALYSIS

■ We first note that over questions of law, including claims of constitutional rights violations where the facts are undisputed, we exercise free review. *State v. Casey,* 125 Idaho 856, 876 P.2d 138 (1994); *State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990). Here it is undisputed that Guerrero was denied the opportunity to cross-examine H.D. after she gave, through live testimony, a victim impact statement.

The right of a crime victim to address the court at the offender's sentencing hearing is guaranteed by both Idaho's constitution and statutory law. Article I, § 22(6) of the Idaho Constitution provides that a crime victim has the right "[t]o be heard, upon request, at all criminal justice proceedings considering ... sentencing, incarceration or release of the defendant, unless manifest injustice would result." In similar language, I.C. § 19–5306(e) requires that a crime victim be heard, upon request, at the sentencing hearing and other judicial proceedings relating to the offense. The term "victim" includes members of the immediate family of a minor who has

been injured by the crime. I.C. § 19–5304(e)(i).

■ Guerrero asserts that the Sixth Amendment to the United States Constitution, which guarantees criminal defendants the right to confront and cross-examine adverse witnesses, also includes the right to cross-examine victims who exercise their right to present victim impact statements at the sentencing hearing. We find this argument to be unmeritorious.

In *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), the United States Supreme Court held that the Fourteenth Amendment's Due Process Clause was not violated when a criminal defendant was refused an opportunity to confront and cross-examine witnesses who provided information during the sentencing phase of trial. Relying in part upon *Williams,* the Idaho Supreme Court subsequently ruled that the Sixth Amendment's Confrontation Clause does not accord a defendant the right to confront and cross-examine live witnesses at the sentencing hearing. *Sivak v. State,* 112 Idaho 197, 216, 731 P.2d 192, 211 (1986). The rationale for this rule is, in part, "the belief that modern penological policies, which favor sentencing based upon the maximum amount of information about the defendant, would be thwarted by restrictive procedural and evidentiary rules." *Id.,* at 215, 731 P.2d at 210. Hence, Guerrero had no right under the Sixth Amendment to cross-examine H.D. during the sentencing hearing.

■ Guerrero has presented no argument that Art. I, § 13 of the Idaho Constitution provides greater procedural rights at sentencing than does the Confrontation Clause of the United States Constitution. Because he did not differentiate his argument under the Sixth Amendment from his argument under the Idaho Constitution, we will not separately consider his state constitutional claim. *State v. Ross,* 129 Idaho 380, 924 P.2d 1224 (1996).

■ Guerrero also argues that his inability to examine H.D. deprived him of the opportunity to rebut adverse testimony. Guerrero is correct in asserting that a defendant at sentencing must be allowed to pres-

ent verbal evidence, to explain or rebut adverse evidence presented by the State and to challenge the reliability of hearsay evidence. *See, e.g., State v. Johnson,* 101 Idaho 581, 583, 618 P.2d 759, 761 (1980); *State v. Wolverton,* 120 Idaho 559, 563, 817 P.2d 1083, 1087 (Ct.App.1991). The record before us, however, refutes Guerrero's assertion that he lacked such an opportunity. H.D. had presented a letter to the presentence investigator that was included in the presentence report available to Guerrero prior to sentencing. Substantially the same sentiments expressed by H.D. at the sentencing hearing were included in this letter. Therefore, Guerrero was on notice of the information presented by H.D. He not only had the opportunity to rebut it, but did, in fact, present rebuttal evidence through the testimony of witnesses who contradicted H.D.'s assertion that she was fearful of Guerrero. Accordingly, we conclude that Guerrero's rights were not impaired by the district court's denial of his request to examine H.D. at the sentencing hearing.

Guerrero's judgment of conviction and sentence are affirmed.

WALTERS, C.J., and PERRY, J., concur.