697 P.2d 1174

Louella CARTWRIGHT,
Appellant-respondent,

v.

GEM COUNTY; and Tom Pasley, L.D. Perkins, and William Conrad, in their official capacities as the Board of County Commissioners of Gem County, Respondent-appellants.

Kenneth D. GARRETT,
Appellant-respondent,

v.

GEM COUNTY; and Tom Pasley, L.D. Perkins, and William Conrad, in their official capacities as the Board of County Commissioners of Gem County, Respondent-appellants.

Nos. 15596, 15597.

Supreme Court of Idaho.

March 27, 1985.

H. Ronald Bjorkman, Deputy Pros. Atty., for Gem County, Emmett, Idaho, for respondents-appellants.

Jane M. Newby, Idaho Legal Aid Services, Inc., Caldwell, Idaho, for appellants-respondents.

BAKES, Justice.

Gem County appeals a district court determination that the county is liable for payment of medical bills of the claimants pursuant to I.C. § 31–3401 *et seq.* We affirm the district court's order.

Louella Cartwright is a resident of the Emmett Care Center, a nursing home in Emmett, Idaho. She has been a resident there for seven years and ten months. She is schizophrenic and mentally retarded and needs medication. Her sole source of income is Social Security. She also receives Medicaid. She owns no property, and her family cannot contribute to her support. Prior to being in Emmett Care Center, she was in State Hospital South in Blackfoot. Although she has a daughter living in Bonners Ferry, it is unknown what county Mrs. Cartwright lived in before entering State Hospital South.

Kenneth Garrett, age 81, is also a resident of the Emmett Care Center. He has resided at the Emmett Care Center for 1½ years. He suffers from heart problems, prostatic cancer, seizures and asthma. Mr. Garrett's sole source of income is Social Security. He also receives Medicaid. He owns no property and has no living family. He was admitted to the Emmett Care Center from Holy Rosary Hospital in Ontario, Oregon. His last known address is New Plymouth, Payette County, Idaho.

Medicaid pays $30 a month toward the cost of Mrs. Cartwright's medication and $30 a month toward the cost of Mr. Garrett's medication. That amount is insufficient to pay the entire cost of either patient's medication requirements.

On May 31, 1983, the nursing home applied for assistance from Gem County on Mrs. Cartwright's and Mr. Garrett's behalf. The applications were denied. The denial was appealed, and a hearing was held before the Board of County Commissioners on October 12, 1983. In an order dated November 15, 1983, the board found that Mrs. Cartwright and Mr. Garrett failed to meet the residency requirement for aid. Thus, assistance was denied.

A notice of appeal was filed on December 14, 1983. On May 11, 1984, the district court issued an order finding Mrs. Cartwright and Mr. Garrett to be legal residents of Gem County and qualified for assistance as "sick indigents" under I.C. §§ 31–3401 *et seq.* This appeal followed.

Decisions of the Board of County Commissioners are reviewed pursuant to I.C. § 67–5215. I.C. § 67–5215(g) provides, "The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: ... (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record ...." Here, the decision of the Board of County Commissioners was clearly erroneous.

■ I.C. § 31–3404 provides that "any medically indigent, sick or otherwise indigent person desiring aid from any county of this state, shall before such aid can be given, make a written application to the clerk of the board of county commissioners of the county *where such applicant may reside* ...." Residency, as used in the statute, requires physical presence coupled with an intent to remain, or an absence of intent to move elsewhere. *Arakaki v. Arakaki*, 54 Haw. 60, 502 P.2d 380 (1972);

*Collins v. Collins,* 472 P.2d 696 (Colo.App. 1970). `Accord Corr v. Westchester County Dept. of Social Service,* 33 N.Y.2d 111, 350 N.Y.S.2d 401, 305 N.E.2d 483 (1973).

▮ The record reflects that Mrs. Cartwright and Mr. Garrett are physically present in Gem County. Considering the physical and mental condition of each applicant, the record clearly reflects that Mrs. Cartwright and Mr. Garrett have no intent to move from Gem County. Accordingly, the Board of County Commissioners' determination that Mrs. Cartwright and Mr. Garrett were not residents of Gem County was clearly erroneous under I.C. § 67–5215(g)(5), and the district court was correct in reversing the board's denial of the applications.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.