59 P.3d 965

**D & M COUNTRY ESTATES HOME-OWNERS ASSOCIATION, a non-profit association, Plaintiff–Respondent,**

v.

**Dwight G. ROMRIELL and Denise B. Romriell, husband and wife; Dannis M. Adamson and "Jane Doe" Adamson, husband and wife; Aspen Grove Assisted Living General Partnership, an Idaho general partnership; E–Riter, L.L.C., an Idaho limited liability company, Defendants–Appellants.**

No. 27429.

Supreme Court of Idaho,
Boise, September 2002 Term.

Nov. 25, 2002.

Nick L. Nielson, Pocatello, for appellants.

Racine, Olson, Nye, Budge & Bailey, Pocatello, for respondent. John R. Goodell, Pocatello, argued.

TROUT, Chief Justice.

Appellants, various individuals and business entities involved in owning and managing nursing home facilities, appeal from the district judge's order permanently enjoining them from converting a single-family residence and operating a group home for the elderly in violation of the neighborhood subdivision's restrictive covenants. The district judge's order is affirmed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Sometime prior to September 2000, the Appellants, Dwight G. and Denise B. Romriell, Dannis M. and Ruth N. Adamson, the Aspen Grove Assisted Living General Partnership, and E–Riter, L.L.C. (collectively, "the Romriells"), purchased the real property at issue located in the D & M Subdivision, Chubbuck, Idaho and subject to certain restrictive covenants ("Covenants"). At the time of purchase, a single-family residence was located on the property. Respondent, D & M Estates Home Owner's Association Board ("D & M"), a non-profit association of homeowners, is entitled to enforce these covenants.

The most important Covenant at issue restricts the construction on each lot to only one dwelling to be used by no more than two families. The Covenant states, "[n]o more than one dwelling shall be erected on any one lot and all such dwellings shall be limited to not more than two families." A second Covenant provides a procedure for allowing exceptions to the Covenants: "[e]xceptions to the present restrictive covenants applicable to property in D & M Estates shall be permitted upon written approval by signatures of at least ⅔ of the property owners and by the Architectural Control Committee: provided that such exceptions shall comply with any applicable laws or zoning regulations."

The Romriells planned to use the residential property at issue for operating a group home for the elderly. In order to accommodate the proposed use, the Romriells planned to remodel the single-family home and convert it from a three-bedroom, two-bath residence to an eight-bedroom, eight-bath residence for use by a maximum of eight, unrelated adults.

The Romriells sought approval for their proposed group home through the procedure provided in the Covenants for granting exceptions. As part of this process, the Romriells sent an undated, open letter to the homeowners in the D & M Subdivision both describing the process for granting exceptions to the Covenants and requesting approval from the homeowners for a proposed renovation of the property for the purpose of developing a group home for the elderly. Both the D & M Estates Water and Architectural Board ("Board") and the homeowners rejected the Romriells' proposal.

Nevertheless, in January 2001, the Romriells began remodeling the residence. The Romriells believed they were legally justified in doing so, claiming that D & M had unlawfully refused their proposal and could not enforce the applicable Covenants due to I.C. §§ 67–6530 and 6531. Those statutory provisions set forth the policy in Idaho relating to the use of real property for the care of the elderly.

On January 23, 2001, D & M filed a complaint with the district court alleging violation of the D & M Covenants. On February 8, 2001, a preliminary injunction was granted. On February 9, 2001, the Romriells responded to the complaint with an answer, counterclaim, and third party complaint. The counterclaim sought damages, attorneys fees and costs based on alleged violations of public policy and lost investment costs of $250,000. The third party complaint named each member of D & M and the Board personally alleging claims of breach of contract and unlawful discrimination.

On February 14, 2001, following a two-day evidentiary hearing, the district judge granted D & M a permanent injunction against the Romriells. The court's key rulings held the Covenants (1) are valid, enforceable, and unambiguous; (2) prohibit the Romriells' proposed group home for the elderly; (3) are not invalidated by I.C. §§ 67–6530 and 6531, which only limit zoning regulations; and (4) are not unlawfully discriminatory and have not been enforced in an unlawfully discriminatory manner. Pursuant to I.R.C.P. 54(b), the Judgment was certified final for the purposes of appeal.

## II.

### STANDARD OF REVIEW

The district court's decision to grant a permanent injunction against the Romriells preventing them from constructing

and operating a group home for the elderly combines questions of law and fact. On appeal, this Court will not set aside findings of fact, unless they are clearly erroneous. *Marshall v. Blair*, 130 Idaho 675, 679, 946 P.2d 975, 979 (1997) (citing I.R.C.P. Rule 52(a)). Thus, if a district court's findings of fact are supported by substantial and competent, though conflicting, evidence, this Court will not disturb the findings. *Marshall v. Blair*, 130 Idaho at 679, 946 P.2d at 979. Furthermore, this Court gives due regard to the district court's special opportunity to judge the credibility of the witnesses who personally appear before the court. *Id.* (citing I.R.C.P. Rule 52(a)). In contrast to the appellate review of findings of fact, this Court exercises free review over the district court's conclusions of law. *Marshall v. Blair*, 130 Idaho at 679, 946 P.2d at 979. Therefore, this Court may substitute its view for that of the district court on a legal issue. *Id.*

## III.

## DISCUSSION

The district judge did not err in concluding (1) as a matter of law, the Covenants are unambiguous and clearly prohibit the construction and maintenance of a group home for up to eight elderly individuals; (2) Idaho Code §§ 67–6530 and 6531 do not render the Covenants unenforceable as a matter of public policy; and (3) the Romriells effectively waived their argument of discrimination for failure to present adequate argument and cite appropriate legal authority before the trial court. In addition, D & M is not entitled to attorney's fees on appeal, since Romriells had a reasonable legal argument based on Idaho Code §§ 67–6530 and 6531 and case law from other jurisdictions to support their appeal.

### A. The D & M Covenants Unambiguously Prohibit the Construction of a Group Home.

■ The district judge did not err in determining, as a matter of law, the Covenants unambiguously prohibit the construction and operation of a group home for eight, unrelated adults. A plain reading of the Covenants shows they clearly prohibit use of residential structures by more than two families.

■ Idaho recognizes the validity of covenants that restrict the use of private property. *Nordstrom v. Guindon*, 135 Idaho 343, 345, 17 P.3d 287, 290 (2000)(citing *Brown v. Perkins*, 129 Idaho 189, 192, 923 P.2d 434, 437 (1996)). When interpreting such covenants, the Court generally applies the same rules of construction as are applied to any contract or covenant. *Id.* However, because restrictive covenants are in derogation of the common law right to use land for all lawful purposes, the Court will not extend by implication any restriction not clearly expressed. *Post v. Murphy*, 125 Idaho 473, 475, 873 P.2d 118, 120 (citing *Thomas v. Campbell*, 107 Idaho 398, 404, 690 P.2d 333, 339 (1984)). Further, all doubts are to be resolved in favor of the free use of land. *Id.*

■ Beginning with the plain language of the covenant, the first step is to determine whether or not there is an ambiguity. *Brown v. Perkins*, 129 Idaho at 193, 923 P.2d at 437 (citing *City of Chubbuck v. City of Pocatello*, 127 Idaho 198, 201, 899 P.2d 411, 414 (1995)). "Words or phrases that have established definitions in common use or settled legal meanings are not rendered ambiguous merely because they are not defined in the document where they are used." *City of Chubbuck v. City of Pocatello*, 127 Idaho at 201, 899 P.2d at 414. Rather, a covenant is ambiguous when it is capable of more than one reasonable interpretation on a given issue. *Post v. Murphy*, 125 Idaho at 475, 873 P.2d at 120 (citing *Rutter v. McLaughlin*, 101 Idaho 292, 612 P.2d 135 (1980)). To determine whether or not a covenant is ambiguous, the court must view the agreement as a whole. *Brown v. Perkins*, 129 Idaho at 193, 923 P.2d at 438.

■ The second step in contract or covenant construction depends on whether or not an ambiguity has been found. If the covenants are unambiguous, then the court must apply them as a matter of law. *City of Chubbuck v. City of Pocatello*, 127 Idaho at 201, 899 P.2d at 414. "Where there is no ambiguity, there is no room for construction;

the plain meaning governs." *Post v. Murphy*, 125 Idaho at 475, 873 P.2d at 120. Conversely, if there is an ambiguity in the covenants, then interpretation is a question of fact, and the Court must determine the intent of the parties at the time the instrument was drafted. *Brown v. Perkins*, 129 Idaho at 193, 923 P.2d at 438.

The Covenants at issue clearly provide for only one dwelling unit per lot to be used by no more than two families. Article IV of the Covenants states, "[n]o more than one dwelling shall be erected on any one lot and all such dwellings shall be limited to not more than two families." The Romriells' proposed use of their lot violates this prohibition because housing up to eight unrelated adults in an institutionalized setting violates the restriction against use by more than two families. For this reason, this Court determines the district judge was not in error, and the Romriells' proposed use of the residence in the D & M Subdivision violates the Covenants as a matter of law.

**B. Idaho Code §§ 67–6530 and 6531 Do Not Affect D & M's Covenants.**

 Upon review, this Court determines, as a matter of law, I.C. §§ 67–6530 and 6531 do not apply to private covenants and the district judge correctly determined the unambiguous meaning of the statute.

 Determining the meaning of a statute and its application is a matter of law subject to plenary review. *J.R. Simplot Co. v. Western Heritage Ins. Co.*, 132 Idaho 582, 977 P.2d 196 (1999). The starting point for any statutory interpretation is the literal wording of the statute. *Crawford v. Department of Correction*, 133 Idaho 633, 991 P.2d 358 (1999). To determine the meaning of a statute, the Court applies the plain and ordinary meaning of the terms used. *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 153 (1995). Where the language of a statute is unambiguous, there is no need to consult extrinsic evidence. *City of Sun Valley v. Sun Valley Co.*, 123 Idaho 665, 667, 851 P.2d 961, 963 (1993).

Here, the trial court analyzed the statutes in question and correctly determined I.C.

§§ 67–6530 and 6531 do not invalidate or render unenforceable D & M's Covenants because, by their own terms, these statutes apply only to zoning laws, ordinances and similar regulations.

Idaho Code § 67–6530 provides:
The legislature declares that it is the policy of this state that ... elderly persons are entitled to live in normal residential surroundings and should not be excluded therefrom because of their ... advanced age, and in order to achieve statewide implementation of such policy it is necessary to establish the statewide policy that the use of property for the care of eight (8) or fewer ... elderly persons ... is a residential use of such property *for the purposes of local zoning.* (Emphasis added)

In addition, Idaho Code § 67–6531 defines "single family dwelling" as follows:
*For the purposes of any zoning law, ordinance or code,* the classification of "single family dwelling" shall include any home in which eight (8) or fewer unrelated ... elderly persons reside; and which is supervised. (Emphasis added).

 Thus, by their clear terms, these statutes apply only to zoning regulations. This plain meaning should prevail since there is no evidence that the legislature intended a different meaning and, contrary to the Romriells arguments, the plain meaning does not result in absurd results. In addition, the plain meaning is also supported by two standard rules of statutory construction. Under the first, *expressio unius est exclusio alterius*, where a statute specifies certain things, designation of the specific excludes other things not mentioned. *Local 1494, ETC. v. City of Coeur d'Alene*, 99 Idaho 630, 639, 586 P.2d 1346, 1358 (1978). Thus, the reference to "zoning" specifically excludes the statute's application to private restrictive covenants, which were not mentioned. The second applicable rule of statutory construction is that courts must construe a statute under the assumption that the legislature knew of all legal precedent and other statutes in existence at the time the statute was passed. *City of Sandpoint v. Sandpoint Ind. Hwy.*, 126 Idaho 145, 150, 879 P.2d 1078, 1082 (1994). Because this Court has long upheld

the validity and enforceability of restrictive covenants, the legislature would have clearly stated if it wished to void them. Therefore, both the plain meaning of the statute and accepted rules of statutory construction support the district judge's view that I.C. §§ 67–6530 and 6531 do not invalidate or render unenforceable the D & M Covenants.

The Romriells' also argue the trial court's Findings of Fact do not support the Conclusions of Law. The Romriells essentially argue for this Court to adopt the reasoning of the Washington Supreme Court in *Mains Farm Homeowners v. Worthington,* 121 Wash.2d 810, 854 P.2d 1072 (1993), and request additional findings to support the district judge's Conclusions. This argument is in error, because, as discussed above, where the statute's plain meaning is clear, the Court should apply the meaning without consulting extrinsic evidence. The types of findings the Romriells believe the court should have made include (1) whether the need for elderly group housing is being met; (2) whether other efforts have been undertaken to meet this need; and (3) a determination of the effect such a policy will have on existing contractual rights and the concomitant question of a governmental taking. Such findings are unnecessary where, as here, the statute's plain meaning and narrow application are clear.

## C. The Romriells Failed to Properly Present Their Claims of Discrimination to the Trial Court.

On appeal, the Romriells base their arguments of discrimination on the Idaho Human Rights Act. I.C. § 67–5901, et seq. Because the legal basis of this claim was not cited before the district judge, this Court will not consider the claim on appeal.

This Court will not address issues not raised before the trial court. *Highland Enterprises, Inc. v. Barker,* 133 Idaho 330, 341, 986 P.2d 996 (1999) (citing *Schiewe v. Farwell,* 125 Idaho 46, 49, 867 P.2d 920, 923 (1993)). Because the Romriells did not give the district judge the opportunity to consider the legal basis for its claims of discrimination, this Court will not consider such claims on appeal.

## D. D & M is Not Entitled to Attorney's Fees on Appeal.

D & M's requests attorney's fees on appeal pursuant to Idaho Code § 12–121. Because the Romriells' arguments raised with respect to interpreting the restrictive covenants at least present a legitimate issue for the Court's resolution, they are not frivolous or unreasonable on appeal. The request for fees is, therefore, denied.

## IV.

## CONCLUSION

Romriell's proposed use of the residence at issue for the purposes of operating a group home was in violation of the D & M Covenants. The Covenants are unambiguous as applied to this particular issue, and the district judge applied them correctly as a matter of law. Furthermore, the Covenants are not rendered invalid or unenforceable as a result of I.C. §§ 67–6530 and 6531, which, by their own terms, are limited in application to zoning regulations alone and do not apply to restrictive covenants. We award costs, but not fees, to Respondents D & M on appeal.

Justices SCHROEDER, WALTERS, KIDWELL, and EISMANN concur.