88 P.3d 701

In the Matter of the Application of:
Charles Hamlet, for County
Medical Assistance.

EASTERN IDAHO REGIONAL
MEDICAL CENTER,
Petitioner–Appellant,

v.

ADA COUNTY BOARD OF COUNTY
COMMISSIONERS, Respondent.

No. 28979.

Supreme Court of Idaho,
Boise, December 2003 Term.

March 2, 2004.

Rehearing Denied April 27, 2004.

Moffatt, Thomas, Barrett, Rock & Fields,
Pocatello, for appellant. David P. Gardner
argued.

Greg H. Bower, Ada County Prosecutor, Boise, for respondent. Janice D. Newell argued.

KIDWELL, Justice.

The Appellant, Eastern Idaho Regional Medical Center, (EIRMC) filed a third-party application for county medical assistance on June 1, 2001, with the Respondent, Ada County Board of County Commissioners, (Ada County) for medical services performed on Charles W. Hamlet, due to the fact that Mr. Hamlet had no health insurance or other resources to pay for medical expenses. Ada County denied assistance in its initial determination because EIRMC failed to establish that Ada County was the obligated county and because Mr. Hamlet's indigency status was not established. EIRMC then presented its case to Ada County. Ada County concluded Mr. Hamlet was: "not a resident of Idaho... was medically indigent... and the application was complete." EIRMC appealed to the district court, which held EIRMC's Equal Protection claim and analysis did not apply because the issue involved residency, Ada County's findings were supported by reasonable and competent evidence, and attorney fees were not warranted because Ada County was affirmed. The Judgment of the district court is affirmed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

According to the medical records from EIRMC, Mr. Hamlet was living in West Yellowstone, Montana, where he collapsed outside his home after suffering an upper gastrointestinal bleed on May 11, 2001. Emergency Medical Services was summoned and Mr. Hamlet was then transported to EIRMC for specialized care. Mr. Hamlet expired from the condition on May 24, 2001. Prior to moving to Montana, Mr. Hamlet lived in Ada County, Idaho, with his sister, for approximately one year and three months. While in Idaho, Mr. Hamlet obtained an Idaho Identification card, and worked at Bogus Basin Ski Resort for the 2000–2001 ski season. After Mr. Hamlet's employment at Bogus Basin ended due to its seasonal nature, he decided to move to Yellowstone to seek employment in the park during the summer.

Upon arriving in Montana, Mr. Hamlet applied for work at Gushers Pizza. On the Gushers Pizza employment application completed by Mr. Hamlet on April 27, 2001, he listed his address as 520 Madison Avenue, West Yellowstone, Montana. There were two address lines on the job application; one line was for a permanent address, the other line for a temporary address. Mr. Hamlet did not give a permanent address; rather, he only gave his local address at the RV park. Mr. Hamlet began working at Gushers Pizza on May 7, 2001.

During an interview with Mr. Hamlet's sister, Vickie Bonnell, on August 15, 2001, Ms. Bonnell stated Mr. Hamlet moved to West Yellowstone, Montana, about April 1, 2001, to live and seek work there. During a phone conversation between Mr. Hamlet's daughter, Jean Riegel, and an Ada County service worker, on November 2, 2001, Ms. Riegel stated Mr. Hamlet had traveled and resided in Washington, Idaho, and Montana, and did not intend to return to Idaho.

## II.

### STANDARD OF REVIEW

"The denial of an application for indigency benefits is reviewed under the Administrative Procedure Act." *Bonner Gen. Hosp. v. Bonner County*, 133 Idaho 7, 9, 981 P.2d 242, 244 (1999). "The reviewing court may not substitute its judgment for that of the administrative agency on questions of fact." *Id.*

When the agency was required...to issue an order, the court shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the

record as a whole; or (e) arbitrary, capricious, or an abuse of discretion.

I.C. § 67–5279.

■ Even though this case is in regard to the review of the Board of Ada County Commissioners, Ada County's decision is analogous to an agency's decision. "This Court independently reviews the agency's decision. We give serious consideration to the district court's decision, but review the matter as if the case were directly appealed from the agency." *Bonner*, 133 Idaho at 9, 981 P.2d at 244. Determining the meaning of a statute is a matter of law. *D & M Country Estates Homeowners Ass'n v. Romriell*, 138 Idaho 160, 165, 59 P.3d 965, 970 (2002).

## III.

## ANALYSIS

**A. Ada County's Decision To Deny Medical Assistance Is Supported By Evidence In The Record.**

The parties point out that the current residency statute of Idaho Code, Chapter 35, Hospitals for Indigent Sick, has not been interpreted by this Court. Ada County concluded Mr. Hamlet was not a resident of Idaho. Therefore, it is important to define the necessary elements of "residency" in Idaho before determining whether Mr. Hamlet was a resident. Interpreting a statute is a matter of law. *D & M Country Estates Homeowners*, 138 Idaho at 165, 59 P.3d at 970.

According to I.C. § 31–3502(12), resident is defined as:

A person with a home, house, place of abode, place of habitation, dwelling or place where he or she actually lived for a consecutive period of thirty (30) days or more within the state of Idaho. A resident does not include a person who comes into this state for temporary purposes, including but not limited to, education, vacation, or seasonal labor.

I.C. § 31–3502(12).

■ Clearly, the statute requires physical presence for at least 30 days. Also, the language, which disallows residency for someone who comes into the state for temporary purposes, implicitly creates an intent element. Restating the language of the statute in positive rather than negative terms, would read: a resident is someone who comes into the state with the intent to remain. *See Id.* In other words, a resident must intend to reside in Idaho either permanently, or at least longer than temporarily.

Concluding that "residency" in Idaho requires not only a physical presence element, but also an intent element, is congruent with interpretations of previous statutes. "Residency, as used in the statute, requires physical presence coupled with an intent to remain, or an absence of intent to move elsewhere." *Cartwright v. Gem County*, 108 Idaho 160, 162, 697 P.2d 1174, 1175 (1985); *IHC Hosps., Inc., v. Bd. of Comm'rs of Bonneville County*, 117 Idaho 207, 210, 786 P.2d 600, 603 (Ct.App.1990). Moreover, according to the common law, the definition of residency entails an intent element. BLACK'S defines resident as: "[a]ny person who occupies a dwelling within the State, has a present intent to remain within the State for a period of time...." BLACK'S LAW DICTIONARY 1309 (6th ed.1990). Thus, an Idaho resident, for purposes of I.C. § 31–3502, must intend to remain in Idaho either permanently or at least longer than temporarily.

EIRMC argues that Ada County's decision has no basis in law or fact because Ada County failed to establish a standard for determining residency; however, EIRMC failed to cite authority to warrant a reversal on this ground. Idaho Code § 31–3502 provides the proper "resident" standard, comprised of two parts, physical presence and intent to remain.

Whether or not Mr. Hamlet was a resident of Idaho must now be analyzed in the context of I.C. § 67–5279, which provides the scope of review and the grounds required before reversing Ada County. EIRMC centers its argument around I.C. § 67–5279(3)(d), which mandates reversal when an agency's findings and decisions are "not supported by substantial evidences on the record as a whole." Although this Court may disagree with Ada County's conclusion, this Court "may not

 

substitute its judgment for that of the administrative agency on questions of fact...if supported by substantial and competent evidence." *Jefferson County v. E. Idaho Reg'l Med. Ctr.*, 127 Idaho 495, 496, 903 P.2d 84, 85 (1995).

There is substantial and competent evidence to support Ada County's conclusion that Mr. Hamlet was not an Idaho resident because he did not intend to remain in Idaho. First and most importantly, Mr. Hamlet listed his Madison Avenue, Montana address on his application to Gushers Pizza. Additionally, Mr. Hamlet left blank the space for his permanent address on his Gushers Pizza application. If Mr. Hamlet intended to return to Idaho, or thought of Idaho as his permanent address, he would have listed his sister's address in Idaho as his permanent address on the application.

Second, hearsay evidence supports the conclusion that Mr. Hamlet did not intend to remain in Idaho. Ada County is analogous to "a fact-finding, administrative agency and, as such, is not bound by the strict rules of evidence governing courts of law." *Application of Citizens Util. Co.*, 82 Idaho 208, 213, 351 P.2d 487, 489 (1960); *Duggan v. Potlatch Forests, Inc.*, 92 Idaho 262, 263–64, 441 P.2d 172, 173–74 (1968). An Ada County service worker had a conversation with Mr. Hamlet's daughter which provided evidence of Mr. Hamlet's intent. The service worker recorded: "she stated that her father had moved to West Yellowstone, MT after completing employment at Bogus Basin, his intent was to move to MT as he has lived in several places during the past few years including Washington, Idaho, and Montana." Therefore, based on the Gushers Pizza application and the conversation with Mr. Hamlet's daughter, there is substantial evidence in the record as a whole to represent a lack of intent on the part of Mr. Hamlet to remain in Idaho. Because a determination of residency in Idaho requires satisfaction of a two-part test, a failure to satisfy the intent element removes the need to analyze the physical presence element.

Therefore, we hold that substantial evidence in the record as a whole supports the conclusion that Mr. Hamlet was not a resi-

dent of Idaho at the time of receiving medical services because he did not possess the intent to remain in Idaho. EIRMC raises additional issues in its briefs; however, due to the above holding and analysis, this Court need not address them.

## IV.

## CONCLUSION

We hold that substantial evidence in the record as a whole supports the conclusion that Mr. Hamlet was not a resident of Idaho at the time of receiving medical services because he did not possess the intent to remain in Idaho. Based on this conclusion, all additional issues raised by the Appellant need not be addressed. Therefore, the Judgment of the district court is affirmed. We award costs to the Respondent.

Chief Justice TROUT, Justices SCHROEDER, EISMANN and BURDICK concur.