106 P.3d 1123

In the Matter of the Application of Efren BERMUDES, for County Medical Assistance.

Eastern Idaho Regional Medical Center, Petitioner–Appellant,

v.

Minidoka County Board of County Commissioners, Respondent.

No. 29993.

Supreme Court of Idaho, Twin Falls, November 2004 Term.

Jan. 28, 2005.

Moffatt, Thomas, Barrett, Rock & Fields, Chtd., Pocatello, for appellant. David P. Gardner argued.

Alan C. Goodman, Minidoka County Prosecuting Attorney, Rupert, for respondent.

TROUT, Justice.

Appellant, Eastern Idaho Regional Medical Center (EIRMC), appeals an order of the district court, denying EIRMC's request to have Minidoka County pay for emergency medical services performed on an indigent patient at EIRMC.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2002, Efren Bermudes (Bermudes), moved from Florida to Idaho for the purpose of engaging in seasonal agricultural employment, with the intention of leaving Idaho after the 2002 farm season. After Bermudes had lived in Minidoka County for more than thirty days, he was involved in a car accident and was seriously injured. He was transferred to EIRMC and received extensive treatment that amounted to $30,000 in medical bills. Bermudes died the next day. EIRMC filed a third-party application with Minidoka County requesting that the County pay for emergency medical services EIRMC had provided to Bermudes. The Board of County Commissioners for Minidoka County denied payment, finding Bermudes was not a resident under Idaho Code Section 31–3502(12) because he was in Idaho on a temporary basis for seasonal work. EIRMC appealed to the district court which affirmed the Board's denial of payment. EIRMC filed a timely appeal with this Court and now argues I.C. § 31–3502(12) is unconstitutional.

# II.

## STANDARD OF REVIEW

■ The constitutionality of a statute is a question of law that this Court reviews *de novo*. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001). The party challenging the constitutionality of a statute must overcome a strong presumption of validity. *St. v.Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998).

# III.

## ANALYSIS

**A. I.C. § 31–3502(12) is not void for vagueness**

■ EIRMC asserts that the statutory definition of "resident" within the medical indigency statutes is vague and does not provide a clear meaning of what constitutes "temporary purposes." When this Court considers a claim that a statute is unconstitutional, there is a strong presumption of the validity of the statute, *City of Lewiston v. Mathewson*, 78 Idaho 347, 303 P.2d 680 (1956), and an appellate court is obligated to seek an interpretation of a statute that upholds its constitutionality. *State v. Cobb*, 132 Idaho 195, 969 P.2d 244 (1998), citing *State v. Newman*, 108 Idaho 5, 696 P.2d 856 (1985). A statute should not be held void for uncertainty if any practical interpretation can be given it. *City of Lewiston*, 78 Idaho at 351, 303 P.2d at 682.

■ The relevant portion of I.C. § 31–3502(12) defines a resident as:

> [A] person with a home, house, place of abode, place of habitation, dwelling or place where he or she actually lived for a consecutive period of thirty (30) days or more. A resident does not include a person who comes into this state for temporary purposes, including, but not limited to, education, vacation, or seasonal labor.

We recently held the definition of a resident in this section requires "physical presence for at least 30 days" and the intent "to reside in Idaho either permanently, or at least longer than temporarily." *E. Idaho Reg'l Med. Ctr. v. Ada County Bd. of County Comm'rs*, 139 Idaho 882, 884, 88 P.3d 701, 703 (2004). The intent element requires "an intent to remain, or an absence of intent to move elsewhere." *E. Idaho Reg'l Med. Ctr.*, 139 Idaho at 884, 88 P.3d at 703 (*quoting Cartwright v. Gem County*, 108 Idaho 160, 161, 697 P.2d 1174, 1175 (1985)).

■ The statute goes on to list examples of situations in which a person will fall outside the definition of "resident" because the person is here only temporarily and is not here to make Idaho a permanent home. There is nothing vague or uncertain about this statute, nor is it necessary to guess at its meaning. Neither party disputes the fact that Bermudes lived in Minidoka County for at least thirty days prior to being treated at EIRMC and EIRMC does not challenge the Board's factual findings that Bermudes was here to engage in seasonal labor and intended to leave Idaho after the 2002 farm season. Therefore, I.C. § 31–3502(12) is not void for

vagueness and the County correctly determined that he was not a resident for the purposes of the medical indigency statutes.

## B. I.C. § 31–3502(12) does not violate equal protection

 Equal protection embraces the principle that all persons in like circumstances should receive the same benefits and burdens of the law. *See* U.S. CONST. amend. XIV, § 1; *Bon Appetit Gourmet Foods Inc., v. Dept. of Employment,* 117 Idaho 1002, 1003, 793 P.2d 675, 676, (1989) (citations omitted). Equal protection issues focus on classifications within statutory schemes that allocate benefits or burdens differently among the categories of persons affected. *State, Dept. of Health and Welfare ex rel. Martz v. Reid,* 124 Idaho 908, 911, 865 P.2d 999, 1002 (Ct.App.1993) (citation omitted). Equal protection claims require a three-step analysis: the reviewing court must first, identify the classification that is being challenged; second, determine the standard under which the classification will be judicially reviewed; and third, decide whether the appropriate standard has been satisfied. *State v. Mowrey,* 134 Idaho 751, 754, 9 P.3d 1217, 1220 (2000) (citing *Coghlan v. Beta Theta Pi Fraternity,* 133 Idaho 388, 395, 987 P.2d 300, 307 (1999)).

### (1)The Classification Being Challenged

As to the first step, the classification being challenged in this case is the distinction between residents and non-residents receiving medical care. The classes are treated differently because indigent residents may have their medical care paid for by the county while indigent non-residents will not. *See* I.C. § 31–3503(1). As discussed above, Bermudes is a non-resident.

### (2) The Appropriate Standard of Judicial Review

 Moving to the second step, the parties disagree on the applicable standard of judicial review. EIRMC asserts strict scrutiny applies because the classification

burdens Bermudes' fundamental right of interstate travel. The Board argues rational basis applies because the residency requirement does not penalize Bermudes' right to travel. Therefore, the threshold question is whether the residency requirement penalized Bermudes' right to travel.[1]

 "[T]he nature of the right to travel is fundamental." *Langmeyer v. State,* 104 Idaho 53, 55, 656 P.2d 114, 116 (1982). *See also, Miller v. Stauffer Chem. Co.,* 99 Idaho 299, 302, 581 P.2d 345, 348 (1978). A classification that penalizes a person who exercises their right to travel must be justified by a compelling state interest. *Mem'l Hosp. v. Maricopa County,* 415 U.S. 250, 261, 94 S.Ct. 1076, 1084, 39 L.Ed.2d 306, 316 (1974); *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969)(overruled on other grounds). Although the right to travel is considered fundamental, not all classifications that impact the right to travel are subject to strict scrutiny under the equal protection doctrine. *See Tiffany v. City of Payette,* 121 Idaho 396, 401, 825 P.2d 493, 498 (1992); *Langmeyer v. State,* 104 Idaho 53, 55, 656 P.2d 114, 116 (1982); *Saenz v. Roe,* 526 U.S. 489, 503, 119 S.Ct. 1518, 1526, 143 L.Ed.2d 689, 704 (1999); *Sosna v. Iowa,* 419 U.S. 393, 406, 95 S.Ct. 553, 560–61, 42 L.Ed.2d 532, 544 (1974).

In *Memorial Hospital,* the U.S. Supreme Court stated non-emergency medical care was a basic necessity of life and held Arizona's one-year residence requirement penalized indigents for exercising their right to travel to and settle in Arizona. *Mem'l Hosp.,* 415 U.S. at 258, 94 S.Ct. at 1082, 39 L.Ed.2d at 314. In *Shapiro,* the U.S. Supreme Court held a one-year waiting period as a condition to qualifying for welfare assistance penalized the right to travel. *Shapiro,* 394 U.S. at 638, 89 S.Ct. at 1333, 22 L.Ed.2d at 617. The Court noted:

> We imply no view of the validity of waiting-period or residence requirements determining eligibility to vote, eligibility for tuition-free education, to obtain a license to

---

1. Although not raised by the parties, this argument raises the question of whether EIRMC has standing to assert an infringement of Bermudes' right to travel. Because we conclude there is no infringement of that right in any event, we need not address the threshold question of standing.

practice a profession, to hunt or fish, and so forth. Such requirements may promote compelling state interests on the one hand, or, on the other, may not be penalties upon the exercise of the constitutional right of interstate travel.

*Shapiro*, 394 U.S. at 638 n. 21, 89 S.Ct at 1333 n. 21, 22 L.Ed.2d at 617, n. 21. Addressing what constitutes a penalty on the right to travel, the U.S. Supreme Court stated:

Although any durational residence requirement impinges to some extent on the right to travel, the Court in *Shapiro* did not declare such a requirement to be per se unconstitutional. The Court's holding was conditioned, by the caveat that some "waiting-period or residence requirements ... may not be penalties upon the exercise of the constitutional right of interstate travel." The amount of impact required to give rise to the compelling-state-interest test was not made clear.

*Mem'l Hosp.*, 415 U.S. at 256–57, 94 S.Ct. at 1081, 39 L.Ed.2d at 313–14 (quoting *Shapiro*, 394 U.S. at 638 n. 21, 89 S.Ct. at 1333 n. 21, 22 L.Ed.2d at 617, n. 21) (citations and footnote omitted). The U.S. Supreme Court has not clarified the amount of impact required to constitute a penalty on the right to travel—it merely stated "[w]hatever the ultimate parameters of the *Shapiro* penalty analysis, it is at least clear that medical care is as much 'a basic necessity of life' to an indigent as welfare assistance." *Mem'l Hosp.*, 415 U.S. at 259, 94 S.Ct. at 1082, 39 L.Ed.2d at 315 (footnote omitted). In this case, EIRMC seeks *payment* for emergency medical care on behalf of Bermudes; this is not a situation where medical care was denied. Although emergency medical care is certainly as significant as non-emergency medical care, denial of payment is a separate issue from denial of treatment.

In *Memorial Hospital*, the Supreme Court's holding stated the one-year residence requirement "for free medical care" penalized indigents for exercising their right to travel. *Id.* at 261, 94 S.Ct. at 1084, 39 L.Ed.2d at 316. Although the phrase "free medical care" encompasses both the right to medical treatment as well as the right to

have treatment at no cost, the opinion focuses on the penalty to the right to travel when treatment is denied, not when payment for the services is denied. *Id.* at 259, 94 S.Ct. at 1083, 39 L.Ed.2d at 315. The Court stated "medical care" was a basic necessity of life, not the payment of medical care. *Id.* at 259, 94 S.Ct. at 1082, 39 L.Ed.2d at 315.

This case is distinguishable from both *Memorial Hospital* and *Shapiro*. The waiting periods in *Memorial Hospital* and *Shapiro* were both one-year while the waiting period in I.C. § 31–3502(12) is only thirty days. Unlike the indigent in *Memorial Hospital*, who was utterly refused medical treatment, Bermudes received extensive medical treatment. Indeed, it appears that under federal law, Bermudes could not be denied emergency medical care. *See, e.g. the Emergency Medical Treatment and Active Labor Act*, 42 U.S.C. 1395. Consequently, there is no indication that Bermudes' right to travel freely was in any way affected by the residency requirement of I.C. § 31–3502(12).

Having concluded the residency requirement does not penalize Bermudes' right to travel, the classification being challenged in this case is solely the distinction between residents and non-residents. Because EIRMC argued its equal protection claim only under the United States Constitution below, we will not address the claim under the Idaho Constitution. The following framework determines the appropriate standard of review:

When considering the Fourteenth Amendment, strict scrutiny applies to fundamental rights and suspect classes; intermediate scrutiny applies to classifications involving gender and illegitimacy; and rational basis scrutiny applies to all other challenges.

*State v. Mowrey*, 134 Idaho 751, 754–55, 9 P.3d 1217, 1220–21 (2000). For the reasons indicated above, strict scrutiny does not apply in this case. Intermediate scrutiny does not apply because neither gender nor illegitimacy is implicated. Thus, the rational basis test is the appropriate standard of review.

*(3) The Rational Basis Standard Has Been Satisfied*

 "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313, 320 (1985) (citations omitted). Although "conservation of the taxpayers' purse" is not a compelling state interest under the strict scrutiny standard, it is a legitimate state interest under the rational basis test. *Mem'l Hosp.,* 415 U.S. at 264, 94 S.Ct. at 1085, 39 L.Ed.2d at 318; *See also Schweiker v. Wilson,* 450 U.S. 221, 238, 101 S.Ct. 1074, 1084, 67 L.Ed.2d 186, 200 (1981) (holding Congress should have discretion in deciding how to expend necessarily limited resources). The counties in Idaho do not have unlimited funds with which to pay medical providers for services rendered to indigent patients. The payment of medical indigency benefits only to persons who are physically present in Idaho for at least thirty days and intend to remain or do not intend to move elsewhere is rationally related to the legitimate state interest of allocating limited funds. According-

ly, I.C. § 31–3502(12) does not violate equal protection.[2]

**C. Attorney fees**

 Both parties have requested an award of attorney fees based on I.C. § 12–117 and –121. Because Minidoka County did not act without a reasonable basis in fact or law and because this appeal was not pursued frivolously or unreasonably, we decline to award fees to either party.

**IV.**

**CONCLUSION**

Idaho Code Section 31–3502(12) is not void for vagueness and does not violate equal protection. We award costs on appeal to Respondent Minidoka County.

Chief Justice SCHROEDER and Justices KIDWELL, EISMANN and BURDICK concur.

---

2. EIRMC also argues the sunset clauses in I.C. § 31–3503(3) and 31–3503A(2) violate equal protection because they treat residents and non-residents differently. This challenge is encompassed in the analysis of I.C. § 31–3502(12). Hence, I.C. §§ 31–3503(3) and 31–3503A(2) do not violate equal protection.