153 P.3d 1154

**UNIVERSITY OF UTAH HOSPITAL, U of U Plastic Surgery Associates, Plaintiffs–Appellants,**

and

**St. Alphonsus Regional Medical Center, Inc., Plaintiff,**

v.

**ADA COUNTY BOARD OF COMMISSIONERS, Ada County, Idaho, Defendant–Respondent.**

**University of Utah Hospital, U of U Plastic Surgery Associates, Plaintiff,**

and

**Saint Alphonsus Regional Medical Center, Inc., Plaintiff–Appellant,**

v.

**Ada County Board of Commissioners, Ada County, Idaho, Defendant–Respondent.**

Nos. 32217, 32247.

Supreme Court of Idaho, Boise, December 2006 Term.

Jan. 26, 2007.

Rehearing Denied March 13, 2007.

Burkett Law Office, Boise, for appellants University of Utah Hospital and U of U Plastic Surgery Associates. Larry L. Goins argued.

Hall Farley Oberrecht & Blanton, PA, Boise, for appellant St. Alphonsus Regional Medical Center. Phillip S. Oberrecht argued.

Ada County Prosecuting Attorney, Boise, for respondent. Julie D. Reading argued.

JONES, Justice.

The appellants, University of Utah Hospital, U of U Plastic Surgery Associates, and St. Alphonsus Regional Medical Center ("the providers"), filed a third party medical indigency application with Ada County. When the patient refused to cooperate with the County's investigation, the Ada County Board of County Commissioners denied the providers' application, citing a dearth of information to determine his indigency status. Because Ada County failed to conduct a proper investigation prior to denying the application, we set aside the County's action and remand this matter to the Board of County Commissioners for further proceedings.

## I.

Anthony P. ("patient") broke his leg in a motor vehicle accident on April 17, 2004. St. Alphonsus received him for trauma care and treatment. The patient developed overlying skin necrosis after St. Alphonsus treated his fracture. On May 21, 2004, the patient underwent treatment at the University of Utah Hospital for an open wound and skin grafting.

The providers filed an emergency third party medical indigency application with Ada County on May 18, 2004. Ada County Indigent Services (ACIS) notified the patient by mail that he would need to appear for an interview in order to proceed with the application. It also attempted to contact his employer but the phone number on the application was incorrect. ACIS never issued a subpoena, nor did it make any further effort to investigate the application. ACIS made an initial determination to deny payment because the patient failed to appear for an interview or provide documentation, asserting it could therefore not establish whether the patient was medically indigent or a resident of Ada County. The providers appealed to the Ada County Board of County Commissioners.

The Board heard the appeal on October 6, 2004, with the patient present. His appearance was pursuant to a subpoena prepared

by, and issued at the request of, the providers. The patient indicated at the hearing that he was reluctant to accept county assistance. The providers questioned the patient about his financial condition and living situation. Neither the Commissioners nor Ada County's attorney asked questions to ascertain information relevant to the application. The Board did provide an additional thirty days to allow for an interview and submission of further documentation.

On November 2, 2004, Ada County concluded that, because the patient did not cooperate in the application process, it could not determine the patient's residence or indigency status. The Board found that the patient failed to sign the application, to complete an interview, or to provide the required documentation. Thus, the Board made a final determination to deny the application. The providers appealed to the district court. On summary judgment, the district court concluded that Ada County had no further obligation to investigate once the applicant affirmatively asserted that he did not want the benefit. The providers filed a motion for reconsideration, which the district court treated as a motion for rehearing and denied. This appeal followed.

## II.

In this opinion, we discuss two issues, namely the extent of the County's duty to investigate a third party medical indigency application when the patient refuses to cooperate with that investigation, and whether either party is entitled to attorney fees.

## A.

■ We review the denial of an application for indigency benefits under the Administrative Procedure Act. *E. Idaho Regl. Med. Ctr. v. Ada County Bd. of Commrs.*, 139 Idaho 882, 883, 88 P.3d 701, 702 (2004). Ada County's decision is analogous to an agency decision, so we will review it as if appealed directly from the agency, while giving serious consideration to the district court's decision. *Id.* at 884, 88 P.3d at 703. We may not substitute our judgment on questions of fact. I.C. § 67–5279(1). We will reverse and remand only if the agency action is "(a) in

violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; or (d) arbitrary, capricious, or an abuse of discretion." I.C. § 67–5279(2). Additionally, we will reverse the county's decision only if "substantial rights of the appellant have been prejudiced." I.C. § 67–5279(4).

## B.

■ The Legislature has clearly set forth the policy behind the medical indigency statutes:

It is the policy of this state that each person, to the maximum extent possible, is responsible for his or her own medical care and to that end, shall be encouraged to purchase his or her own medical insurance with coverage sufficient to prevent them from needing to request assistance pursuant to this chapter. However, in order to safeguard the public health, safety and welfare, and to provide suitable facilities and provisions for the care and hospitalization of persons in this state, and, in the case of medically indigent persons, to provide for the payment thereof, the respective counties of this state and the administrator shall have the duties and powers as hereinafter provided.

I.C. § 31–3501. In construing these statutes, this Court has stated that "the legislature's general intent in enacting the medical indigency assistance statutes was two-fold: to provide indigents with access to medical care and to allow hospitals to obtain compensation for services rendered to indigents." *Carpenter v. Twin Falls County,* 107 Idaho 575, 582, 691 P.2d 1190, 1197 (1984). In keeping with the second prong of this policy, we have held that a patient's refusal to cooperate under the medical indigency statutes does not terminate a provider's right to seek payment. *See Sacred Heart Med. Ctr. v. Nez Perce County,* 136 Idaho 448, 450, 35 P.3d 265, 267 (2001).

To ensure that medical providers receive payment for services rendered to indigents, the Legislature has specifically provided for applications for assistance to be filed by third

parties (I.C. § 31–3504(2)), has allowed for third parties to participate in the proceedings and to receive notices (I.C. § 31–3505A(1)), and has provided for third parties to seek judicial review of a final determination (I.C. § 31–3505G).

■ In order to determine a patient's eligibility for assistance, the county clerk "shall interview the applicant and investigate the information provided on the application, along with all other required information, in accordance with the procedures established by the board and this chapter." I.C. § 31–3505A(1). The investigative duty is mandatory and cannot be eliminated simply because the patient cannot or will not cooperate. *See Goff v. H.J.H. Co.*, 95 Idaho 837, 839, 521 P.2d 661, 663 (1974) ("shall" is mandatory when used in a statute). The Legislature made the power of the subpoena available to the counties in order to carry out the duty to investigate indigency assistance claims.[1] Third party providers have no such subpoena power. The Legislature clearly intended that the counties would shoulder the burden of determining indigency status following submission of an application and they were provided the tools necessary to accomplish that task. The Legislature also provided a procedure to remedy deficiencies in an application so as to prevent an unwarranted denial—the county clerk is required to "promptly notify the applicant, or third party filing an application on behalf of an applicant, of any material information missing from the application which, if omitted, may cause the application to be denied for incompleteness." I.C. § 31–3505A(1).

In this case, Ada County made an insufficient effort to investigate the application. Beyond scheduling an interview and calling a phone number, Ada County made no efforts to investigate the application. Until prompted by the providers after the initial determination had already been made, Ada County never issued a subpoena. In making its initial determination, Ada County noted that the application lacked material information about the patient's residency and finances but never stated what it needed.[2] In light of the legislative policy to ensure that providers receive payment for the services they render to indigents, Ada County should have gone to greater lengths to investigate the application, which may have included issuing a subpoena during the initial investigation to compel the patient to present himself for an interview and to provide documentation.

The medical indigency statutes place certain duties on a third party applicant, which the providers performed in this case. A third party application "shall be as complete as practical and presented in the same form and manner as set forth [in I.C. § 31–3504(1)]." I.C. § 31–3504(2). The providers did so here. Also, in pertinent part, "a third party filing an application on behalf of an applicant to the extent they have knowledge, shall have a duty to cooperate with the county in investigating, providing documentation . . . and ascertaining eligibility and shall have a continuing duty to notify the responsible county of the receipt of resources after an application has been filed." I.C. § 31–3505A(2). Again, the providers did so here. While providers have a responsibility to investigate with respect to their claims, this Court has previously held that if a provider bears too great a burden in proving indigency and risking nonpayment, then it "might reduce its ability to provide suitable hospital facilities to the public." *Idaho Falls Consol. Hosps., Inc. v. Bd. of County Commrs., Jefferson County*, 109 Idaho 881, 883, 712 P.2d 582, 584 (1985).

■ We hold that Ada County failed to carry out its investigative duties, thereby violating I.C. § 31–3505A and abusing its discretion as to how to carry out a proper investigation. I.C. § 67–5279(2). However, we will not vacate the County's decision "un-

---

1. I.C. § 31–3505A(1) provides that "when necessary, such persons as may be deemed essential, may be compelled by the clerk to give testimony and produce documents and other evidence under oath in order to complete the investigation."

2. Even when Ada County issued subpoenas, which were provided by the providers, for the patient to appear before the Board of County Commissioners at a hearing on the appeal of the initial determination, the Commissioners failed to elicit whatever information they needed to complete the record and reach a determination.

less substantial rights of the appellant have been prejudiced." I.C. § 67–5279(4). In this case, Ada County's failure to conduct a proper investigation prejudiced the providers' right to prompt notice "of any material information missing from the application which, if omitted, may cause the application to be denied for incompleteness." I.C. § 31–3505A(1). Thus, pursuant to I.C. § 67–5279, we set aside Ada County's action in whole and remand this matter for further proceedings.

## C.

 The providers request attorney fees on appeal pursuant to I.C. § 12–117(1), which provides that "the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law." The statute is mandatory and we will award attorney fees to the providers if the County did not act with a reasonable basis in fact or law. *Fischer v. City of Ketchum*, 141 Idaho 349, 356, 109 P.3d 1091, 1098 (2005).

When the county "has no authority to take a particular action, it acts without a reasonable basis in fact or law." *Id.* This Court finds that the providers are the prevailing party. Because it had no authority to deny the application without first fulfilling the procedural requirements set forth in the medical indigency statutes, this Court also finds that Ada County acted without a reasonable basis in fact or law. Thus, attorney fees are awarded on appeal to the providers pursuant to I.C. § 12–117(1).

## III.

 The providers also ask this Court to order that Ada County find that the patient is a medically indigent resident of Ada County as a matter of law and remand only to calculate what is owed to them. We must decline to do so. While the evidence presented at the appeal hearing tended to support a finding of indigency, such a determination is for the County to make in the first instance, not this Court. Thus, we set aside the County's action denying the providers'

third party medical indigency application and remand this matter back to the Ada County Board of County Commissioners for proceedings consistent with this opinion. Reasonable attorney fees and costs to the providers.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and BURDICK concur.

